Nov. Term,
1823.

FINDLEY
v.
COOLEY.

*Hall,* for the plaintiff.

(1) Ante, p. 204.

## FINDLEY *v.* COOLEY.

A vendee of real estate cannot object to the payment of a note given for the purchase-money, merely because the grantor had made the conveyance to defeat his creditors. Such a conveyance, though liable to be objected to by the creditors, is not absolutely void either at common law or by statute: it is valid as respects the parties themselves.

The circumstance of a defendant's selling real estate, pending an action of trespass against him, in order to defraud the plaintiff, does not affect the ti-tle of a bona fide purchaser, without notice of the suit, nor afford him any defence against an action on the note given for the purchase-money.

The vendee of real estate, knowing that an action of trespass is pending against the vendor, and that the object of the sale is to avoid the consequences of the suit, receives the deed without objection and executes his note for the purchase-money. A judgment is *afterwards obtained* in the suit against the vendor. The vendee, under these circumstances, cannot refuse to pay the note.

A promissory note is, by statute, the foundation of an action, like a bond or bill of exchange; and the consideration need not, in such a case, be averred in the declaration.

Nov. Term,
1823.

FINDLEY
v.
COOLEY.

Wednesday,
November 5.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—*J. Cooley*, assignee of *Marshall*, brought an action of debt against *Findley* on several promissory notes for the payment, in all, of 900 dollars. The defendant pleaded two pleas, impeaching the consideration of the notes. These pleas state, that, during the pendency of an action of trespass *vi et urmis* by *E. Walden* against *T. Cooley* and two others, *T. Cooley*, with intent to defraud Mrs. *Walden* of the damages she might recover, sold and conveyed a tract of land of which he was possessed to *Findley* for 900 dollars, and took the notes for the purchase-money payable to *Marshall*, who knew of the consideration for which they were given; and that afterwards, in the action of trespass, there was judgment against *T. Cooley* and his co-defendants for 600 dollars, which remains unsatisfied. The first plea confines the fraudulent intention to the vendor. The second charges the purchaser with combining with the vendor to defraud Mrs. *Walden* of her damages, by making the notes payable to *Marshall*. Both pleas conclude by averring that the notes, given for the land so fraudulently conveyed, are the same upon which the present suit is founded, and are void in law. To these pleas there is a general demurrer, and judgment in the Circuit Court for the plaintiff.

The great defect in the pleas, relied upon by the plaintiff below in support of his demurrer, is, that it is not a creditor of the vendor, but a party to the conveyance, who complains of its being fraudulent and void. By the common law, and the statutes Ed. 3 and Hen. 7, as well as by the statute 13 Eliz., conveyances to defraud creditors are not absolutely void. They have always been considered binding on the parties. Whether the statute 13 Eliz. ch. 5, is merely declaratory of the common law, or an extension of its operation, is rather an unsettled question. That it is only a recognition of the common law, is the opinion of Lord *Coke*. Co. Litt. 290 b. The same opinion is expressed by Lord *Mansfield*, Cowp. 434; by Chief Justice *Marshall*, 1 Cranch, 316; and by Chief Justice *Kent*, 9 Johns. R. 339. The contrary doctrine is laid down in *Twyne's* case, 3 Co. R. 80, and in *Upton* v. *Basset*, Cro. Eliz. 445. In the two last-cited cases it is said, that, by the common law, no person should avoid

Nov. Term,
1823.

FINDLEY
v.
COOLEY.

an estate made by fraud, except him who had a former right, interest, or demand; whereas the statute of Eliz., instead of being limited to former interests, extends to those whose debts arise subsequently to the fraudulent alienation. The case before us does not require an opinion on this litigated question. We barely refer to some of the authorities to remind the counsel for the defendant, that if the statute of Eliz. does not authorize his client to treat as void this conveyance to which he is a party, which was admitted on the argument, his appeal to the principles of the common law is beyond the possibility of success. There is not a dictum any where for his position, that the *English* statute is in derogation of the common law. On the contrary, it is either declaratory of the common law, or an enlargement of its principles. As to our own statute respecting fraudulent conveyances, the language is very general, and much is left for judicial construction. It contains nothing inconsistent with the principle of the common law, that a conveyance, void as to creditors, may be binding on the parties. That principle is preserved by the statute of Eliz., which has been found after long experience wisely adapted to the purposes intended. We are of opinion that our statute has not changed the law upon the subject (1). The objection therefore to the pleas is well founded, that the defendant not being a creditor, but a party to the deed, is not such a person as comes within *the remedy* of the common law, or of the statute, against fraudulent conveyances.

There is another ground upon which the defendant relies. Supposing the conveyance only void as to creditors, he contends that, at the time of the sale, Mrs. *Walden* had a lien on the land for the damages she might recover, which was an incumbrance sufficient to warrant the vendee in rescinding the contract. To this argument there is a short and conclusive answer. For any thing charged in the first plea, the defendant was a bona fide purchaser for a valuable consideration, without even notice of the pendency of Mrs. *Walden's* suit. In respect to that plea, then, the defendant was an innocent purchaser, and his title cannot be prejudiced by a subsequent judgment (2). If, as is stated in the second plea, the defendant purchased with full notice, received the deed without objection, and participated in the fraud, he cannot refuse payment on account of the supposed incumbrance. To this, *Greenleaf* v. *Cook*, 2 Wheat. 13, is in point. The language of the Court is as follows: "The note was

given with full knowledge of the case. Acquainted with the extent of the incumbrance and its probable consequences, the defendant consents to receive the title which the plaintiff was able to make, and on receiving it executes his note for the purchase-money. To the payment of a note given under such circumstances, the existence of the incumbrance can certainly furnish no legal objection."

With respect to the other errors assigned, we have no kind of difficulty. The declaration is said to be defective for not averring the consideration of the notes. The general rule to be sure is, that in simple contracts the consideration must be set out; but bills of exchange by the law merchant, and promissory notes by statute, are exceptions to the rule. The moment our act of assembly made a promissory note the foundation of an action, the only description of the contract necessary was that of the note itself. The note then became the contract, and instead of being only evidence of a debt as formerly, was constituted by force of the statute a debt *per se*. So that the consideration of a note within the statute need not be averred, any more than that of a bond or bill of exchange. As to the error complained of in the calculation of interest, the defendant is mistaken in the fact he assumes. The amount of damages in the judgment for the detention of the debt, does not exceed the interest on the notes from the time they were respectively payable to the date of the judgment.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages, and costs.

*Caswell*, for the plaintiff.
*Test*, for the defendant.

(1) This statute enacts—that all conveyances made with intent to defraud creditors of any just demand, or to deceive and defeat others, shall be null and void. Stat. 1823, p. 147.

(2) Vide the following case:—*Dorham* was indebted to *Astor* in about 9,000 dollars, and gave him a mortgage on a township of land in *Ohio* to secure the debt. The mortgage, however, was not recorded in the proper county. *Dorham*, afterwards, became indebted to *Wells* in 8,000 dollars; and conveyed him the same township of land in payment, with the express intent of defrauding *Astor*; but *Wells* knew nothing of *Astor's* demand. *Astor* filed a bill in equity to set aside the deed to *Wells* as being void by the *Ohio* statute, which declares every grant of land made to defraud creditors or purchasers to be utterly void. The Court held, that as the deed to *Wells* was really made by *Dorham* to defraud *Astor*, a prior creditor, the words of the statute would literally embrace the case: but that subsequent purchasers, as well as creditors,

34

Nov. Term, were the objects of the law; and to give it such a construction as would ex-
1823. pose a bona fide purchaser without notice to imposition, in order to protect
creditors, could never comport with the intent of the law. Decree for the de-
Lindley fendant. *Astor* v. *Wells*, 4 Wheat. 466, 486, 7, 8.
v.
Lukin.