## NICHOLS v. WOODRUFF.

A note for the payment of money on a contingency may, under the statute, be
the foundation of an action brought by the payee or assignee; and the
consideration for which such note was given need not therefore be averred.

But were it not for the statute, a note so payable though containing the words
"value received" could not be sued on as a cause of action.

The record of deeds of a county, showing an entry by the recorder of the re-
demption of land sold on execution, is not conclusive evidence of such
redemption.

Facts stated which were held to show, not that land sold on execution had been
redeemed, but that the right to redeem the land had been released.

Judgment for the plaintiff for costs, he having succeeded on one of the issues,
&c. *Held*, that it must be presumed, the record being silent on the subject,
that the taxation of costs was correct.

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought
in 1845 by *Woodruff* against *Nichols*. The declaration con-
tains two counts. The first is substantially as follows: That
the defendant, on the 1st of *January*, 1842, at, &c., made
his promissory note to the plaintiff, and thereby promised to
pay, one year after date, to the plaintiff or order 381 dollars
and 50 cents, for value received, with interest, payable on
condition that the farm known as the *John B. Clark* farm,
and sold to *Jonathan Woodruff* at sheriff's sale, should not
be redeemed within one year as was allowed by law in such
case. Averment, that the said farm was not redeemed within
one year from the time of said sale; whereby the defendant
became liable to pay to the plaintiff the said sum of money
with interest as aforesaid; and being so liable, he, the defend-
ant, in consideration thereof, promised to pay, &c. Breach,
that the defendant had not paid, &c. The second count was
for land sold and conveyed, money had and received, &c.

Pleas, 1. Non assumpsit; 2. That the farm mentioned in
the note was redeemed, &c.

Verdict for the plaintiff on the first count, and for the de-
fendant on the second. Judgment for the plaintiff on the
verdict, and for costs.

The first error assigned is, that the first count is bad, be-
cause the consideration of the promise is not set out; in other

Nov. Term, 1847.

NICHOLS
v.
WOODRUFF.

words, because the count is founded on the note, instead of being founded on the special contract.

This objection is not tenable. The statute of 1843 enacts, that "all promissory notes, bills, bonds, or other instruments in writing, made and signed by any person or corporation, whereby such person or corporation promises to pay any sum of money, or acknowledges, &c., or for the delivery of any specific article, or to convey any property, or to perform any condition or conditions therein mentioned, shall be and the same are hereby made assignable," &c. It further enacts, that "any assignee to whom any such note, bill, bond, or other instrument, is made payable by any such indorsement or assignment, may, in his own name, institute and maintain an action and recover *thereon* against the person or persons or corporation, who shall have made or signed the same." R. S. 1843, pp. 576, 7. The assignee is thus expressly authorized to sue on any instrument of writing within the statute; and it follows that the payee of such instrument may sue on it also.

We consider the note before us to be within the statute. It is, to be sure, payable on a contingency; but as the statute makes no distinction between notes payable on a contingency and those payable at all events, it is not for us to make such distinction. The note being within the statute, it may be the foundation of an action brought by either the payee or indorsee; and as it may be the foundation of an action, the consideration for which it was given need not be averred. *Findley* v. *Cooley*, 1 Blackf. 262.

We attach no importance to the words "value received," which are contained in the note. If it were not for the statute, the note could not be sued on as a cause of action, notwithstanding it contains those words. *Blanckenhagen* v. *Blundell*, 2 Barn. & Ald. 417.

Another error assigned is, that the Court refused to give certain instructions to the jury asked for by the defendant.

The first of those instructions is, that if the record of deeds of the county of *La Grange, Indiana*, shows an entry, made at the proper time, by the recorder of said county, of a redemption of the said *John B. Clark* farm, that record is conclusive evidence of such redemption, and cannot be rebutted

by any other evidence.  This instruction was rightly refused.
We shall not stop to inquire into this subject particularly.
The plaintiff had a right, at all events, to show the entry to
be a forgery or otherwise fraudulent.

The other instruction refused is, that if one *Hobbs* had
bought *Clark's* right to redeem the farm, and had sold the
same to the defendant, who executed a receipt for the same
as purchaser under the plaintiff, which receipt was in evi-
dence, and a proper record of said redemption had been duly
made on the order-book of the Court, and on the record of
deeds, according to law, the defendant had made out a good
defence.  This instruction was also rightly refused.  The
facts stated in the instruction do not show that the land had
been redeemed; but, on the contrary, they show that the
right to redeem had been released.

It is also said that the judgment for the plaintiff for costs is
erroneous.  But we must presume, the record giving us no
information on the subject, that the taxation of the costs is
correct.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Howe*, for the plaintiff.

*W. H. Coombs*, for the defendant.