MOUNTJOY *v.* ADAIR for the use of BURKE.

If the instrument sought to be sued on is assignable under the statute, and has been assigned, the assignee should sue, and not the assignor for the use of the assignee.

When the time for the delivery of goods is fixed by the agreement, no demand is necessary before suit.

ERROR to the *Union* Circuit Court.

PERKINS, J.—Assumpsit by *Wilson Adair* for the use of *John Burke* against *Green Berry Mountjoy* upon the following written instrument:

"Know all men by these presents that I, *G. B. Mountjoy*, do hereby bind myself to furnish *Wilson Adair* with the running-gears of a good, new, two-horse wagon, equal to a wagon that *James Wood* is to make for *Lemuel Burke*, and to furnish said wagon by or before the 25th of *De-*

*cember* next; and also, to lift a note that *George Miller* holds against the said *Wilson Adair*, and due on the 25th of *December* next.                    " *G. B. Mountjoy.*

" *August* 25, 1845."

The declaration alleged that the right of *Adair* to receive the gears of the wagon had been assigned to, and remained in, *John Burke.*

The fifth plea of the defendant was as follows : " The defendant says that the agreement in writing, in the declaration mentioned, was assigned by the said *Wilson Adair*, by indorsement, under his hand, on the back thereof, and delivered to the said *John Burke*, so as absolutely to transfer to, and vest in, him the property in said instrument, before the commencement of this suit; and that the said *John Burke* is now the *bona fide* holder and owner of said writing," &c.

This plea was demurred to as amounting to the general issue, and the demurrer was sustained. The cause was tried upon the general issue, and issues upon pleas of tender and accord and satisfaction. On the trial, the plaintiff, to sustain the action, gave in evidence the written instrument declared on, and, to prove the interest in it of *John Burke*, for whose use the suit was brought, he also gave in evidence the following indorsement on the back of said instrument:

" I, *Wilson Adair*, assign my right to demand and receive the within described wagon to *John Burke*, the note being lifted, for value received."

The defendant asked the Court to instruct the jury that, under these circumstances, the plaintiff, *Wilson Adair*, could not recover upon said memorandum in writing. The Court refused the instruction. The plaintiff had judgment, and the defendant brings the case to this Court, and alleges that the Court below erred in sustaining the demurrer to his fifth plea, and in refusing the instruction asked.

A plea denying the assignment of the note sued on has been held bad, as amounting to the general issue; 1 Blackf. 67, 112; and we do not now see why a plea aver-

ring such assignment should not also be held bad for the same reason, as both these pleas go to the question of the legal interest in the note. If the general issue denies that interest in one of these cases, it would seem to in the other, but we shall not find it necessary to decide the point here. The question raised by the plea is presented by the refusal of the instruction above referred to. Was that refusal right or wrong?

If the instrument sued on was assignable under our statute, and had been assigned, the instruction should have been given. Our statute upon the subject of the assignment of written instruments is very comprehensive, and we think renders assignable such as that under consideration. R. S. 576, s. 6. See *Nichols* v. *Woodruff*, 8 Blackf. 493. We think, also, said instrument had been assigned. We take the indorsement on its back to amount to a credit of the note agreed to be lifted, and an assignment of the remaining interest in the instrument, which was all that could then be assigned. We suppose a note partly paid may be well assigned as to the residue. The assignment, then, being valid, as the instrument had not been re-assigned or re-delivered to the plaintiff, it follows that he had no title to, and could not sue on it. We have not inquired whether this question did not arise upon the declaration on the demurrer to the fifth plea.

It is also claimed by the plaintiff in error, the defendant below, that the declaration is bad in not setting out the consideration of the instrument constituting the cause of action. We have already determined that that instrument was assignable by our statute so as to vest the legal interest in it in the assignee. It was, of itself, therefore, like a promissory note, a sufficient foundation of an action. See *Nichols* v. *Woodruff, supra.—Findley* v. *Cooley*, 1 Blackf. 262. A question as to the sufficiency of the demand of the gears of the wagon before suit, has been argued by counsel. The time for the delivery of those gears was fixed by the agreement. Hence no demand was necessary before suit. *Frazee* v. *McChord*, at the present term of this Court (1). If the place of delivery

would have been the shop of the mechanic or furnisher,
(2 Kent, 505,) the defendant below, without reference to
the holder of the instrument, had only to have the gears
completed and set apart at that place upon the day fixed
for their delivery, and to suffer them to remain, to pro-
tect himself from harm from an action by any person on
account of them. *Johnson* v. *Baird*, 3 Blackf. 153, 182—
*Dorman* v. *Elder*, id. 490. If such would not have been
the place of delivery, and the debtor had been notified of
the assignment of the instrument, still, the assignee would
not have been allowed to require their delivery at an un-
reasonable place.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

   *C. H. Test*, *J. Yaryan*, and *J. Perry*, for the plaintiff.
*J. S. Reid* and *J. S. Newman*, for the defendant.

(1) See *ante*, p. 224.