*J. S. Newman*, for the plaintiffs.

———

ROGERS *v.* MAXWELL.

Indiana
4        243
170      539

A promissory note payable in property, under the R. S. 1843, imports *prima facie*, a valuable consideration.

A declaration upon such a note need not allege the consideration.

May Term,
1853.
───────
Rogers
v.
Maxwell.

Monday,
June 6.

A party who has moved in arrest of judgment, cannot afterwards move for a new trial.

Where the verdict is fully sustained by the evidence, it will not be set aside because an erroneous instruction was given to the jury.

ERROR to the *DeKalb* Circuit Court.

Stuart, J.—Assumpsit on a written promise in these words:

"*November* 4, 1845. Ten days after date I promise to pay *John Maxwell* one wagon which I got from him in a trade for a piece of land. *William Rogers.*"

The suit was commenced before a justice of the peace. Judgment in that Court for *Rogers*. On appeal to the Circuit Court *Maxwell* recovered. *Rogers* prosecutes this writ of error.

In the Circuit Court the cause of action was amended so as to allege the value of the wagon to be 50 dollars.

After the amendment, a motion to dismiss for want of a sufficient cause of action, was overruled. There are two bills of exceptions, both presenting substantially the same point, viz., that the cause of action was defective because it did not allege any consideration. This was the ground assumed in the motion to dismiss, and more perspicuously presented in the second bill of exceptions, embodying a charge given by the Court to the jury, namely: "The action is founded on an agreement to deliver a wagon to the plaintiff within a certain period, and if the plaintiff has failed to prove the consideration, &c., the jury should find for the defendant, as the doctrine in reference to promissory notes, which are always presumed to be based upon a consideration, does not apply to such agreements."

This instruction the jury disregarded, for there is no evidence of the consideration having been proved; yet they found for *Maxwell*.

The motion to dismiss was correctly overruled; but the instruction given was erroneous. The question is not a new one in this Court. In *Findley* v. *Cooley*, 1 Blackf. 262, the point was first raised and settled. Whatever may be the foundation of that decision, it is found too valuable

in practice to be now disturbed.   There are several deci-
sions since, applying the principle to notes payable in
property, as well as to those payable in money; and to
those payable upon a contingency.   8 Blackf. 493.   In
the case of *Mountjoy* v. *Adair*, the note, like that now be-
fore us, was for the delivery of a wagon, and the Court
held that the consideration need not be alleged.   1 Ind.
R. 254.   So, in a subsequent case, the Court held that a
note payable in property may be declared on without set-
ting out the consideration.   1 Ind. R. 401.   Indeed, tak-
ing the leading case, *Findley* v. *Cooley*, for our guide, the
6th section of the act making notes, &c., assignable, in
connection with the context, does not seem susceptible of
any other reasonable construction.   R. S. 1843, p. 576.
A note in the hands of an assignee would, in most cases,
be worthless if he were compelled to allege and prove
the consideration.   Hence the statute very properly shifts
the burden of proof to the defendant; permitting him to
plead and prove the want or failure of consideration.
The very fact that all that class of instruments, whether
payable in money or property, are grouped together in
one section, without any distinction, indicates very clearly
the intention of the legislature to put them all on a par.

The second bill of exceptions contains, also, all the evi-
dence.   Immediately following the instruction referred to,
the record proceeds: "Thereupon the jury returned their
verdict," &c.   "Whereupon the defendant moved the Court
in arrest of judgment; which motion was overruled.   And
also for a new trial, which was also overruled," &c., and
correctly.   According to the best authorities on pleading
and practice, the making of the motion in arrest *first*,
was fatal to the motion for a new trial.   It is like plead-
ing in bar first, and then filing a dilatory plea.   Thus, if
a motion in arrest of judgment be first made, you cannot
afterwards move for a new trial.   1 Sellon Pr. 505.   *Ste-
phen*, in his treatise on special pleading, and the elemen-
tary writers generally, speaking of these motions in their
order, say, the party may move for a new trial, and then

May Term, 1853.

in arrest, &c.   Steph. 126.—2 Ind. R. 117.   This rule is well settled.

The erroneous instruction, disregarded as it was by the jury, cannot affect the verdict, which is fully sustained by the evidence.   The motions to dismiss and in arrest were also correctly overruled; so that the judgment of the Court is in accordance with the strict rules of pleading, and the exact justice of the case.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*R. Brackenridge*, for the plaintiff.