## HALL *v.* REYNOLDS.

In a suit before a justice, the defendant appeared and answered, setting up a set-off larger than the plaintiff's claim, but failed to appear at the trial. Judgment was rendered against him as by default, and he appealed to the Circuit Court, where he recovered a judgment against the plaintiff for the excess of the set-off over his claim. *Held*, that there was such an appearance as entitled the defendant to costs, the justice's judgment being reduced more than five dollars.

Where the right to costs depends upon the evidence, and the evidence is not in the record; or where it depends upon the record, which itself does not show the ruling of the Court to have been wrong, the Supreme Court will presume the ruling to have been correct; but this rule has no application to a case where the defendant's right to costs depends upon his having reduced a justice's judgment more than 5 dollars.

*Tuesday,
June 12.*

APPEAL from the *Boone* Circuit Court.

WORDEN, J.—*Reynolds* sued *Hall* before a justice of the peace, on a promissory note, claiming 52 dollars, 97 cents. *Hall* appeared, and by answer filed a denial to the claim, and also filed an offset amounting to 64 dollars. When the cause was called for trial before the justice, the defendant failed to appear, whereupon it was adjudged by the justice that the plaintiff recover, as by default, the sum claimed to be due. *Hall* appealed to the Circuit Court, and upon trial the plaintiff had judgment against him for

May Term,
1860.

HALL
v.
REYNOLDS.

12 dollars, 47 cents. The defendant moved to tax the costs against the plaintiff, but the motion was overruled and judgment was rendered for the plaintiff for costs.

The question thus raised as to costs, is the only one involved in the case here.

The case of *Holcomb* v. *McDonald*, 12 Ind. R. 566, establishes that there was such an appearance in this case, by the defendant before the justice of the peace, as entitled him to costs in the Circuit Court, the justice's judgment being reduced in the latter Court more than 5 dollars. 2 R. S. p. 464, § 70.

But the counsel for the appellee claims that as the evidence is not in the record, it must be presumed that the ruling as to costs was correct. This position would be well taken if the defendant's right to recover costs depended upon the evidence, as in *Ham* v. *Gregg*, 1 Ind. R. 81, where the Court say that "if the plaintiff makes out on the trial, in proof, a *prima facie* claim to over 50 dollars, he will be entitled to costs, although the effect of the defendant's evidence may be to reduce his right of recovery, finally, below that sum. As the evidence in this case is not upon the record, and it appears that both parties gave evidence to the jury, we cannot say that the Court below erred in taxing costs." The counsel cites the cases of *Nichols* v. *Woodruff*, 8 Blackf. 493; *Burnett* v. *Coffin*, 4 Ind. R. 218; and *Conner* v. *Winton*, 10 *id.* 25. These, and other similar cases, undoubtedly establish the proposition that where the right to costs depends upon the evidence, which is not in the record; or where it depends upon the record, which itself does not show the ruling of the Court to have been wrong, this Court will presume the ruling to have been correct.

But this principle has no application to the case at bar. Here the defendant's right to costs depends upon his having reduced the justice's judgment more than 5 dollars, and not upon the evidence in the cause. If the evidence did not sustain the finding, it might have been set aside; but this was not asked, and behind the finding we cannot go.

May Term,
1860.

The justice's transcript filed on the appeal of the cause, undoubtedly constitutes a part of the record, so that it affirmatively appears by the record that the judgment by him rendered was reduced in the Circuit Court more than 5 dollars; hence, under the provisions of the statute, the defendant was entitled to judgment for costs.

*Per Curiam.*—The judgment for costs is reversed, and the cause remanded. Costs here in favor of appellant.

*O. S. Hamilton*, for the appellant.

*L. C. Dougherty*, for the appellee.