## Hays *v.* Gwin.

The following instrument, under the act concerning promissory notes and bills of exchange, approved May 12, 1852, is not a promissory note:

"$1141.56.                    Lafayette, Ind., *April* 16, 1856.

"On or before the first of April, 1858, I promise to pay *Henry C. Ash,* or order, eleven hundred and forty-one dollars and fifty-six cents, for value received, and without any relief whatever from the appraisement laws, provided, however, that, prior to the time when this note becomes due, said *Ash* shall pay and have satisfaction entered, of record of a certain mortgage given to him by *Levi Reynolds,* for two hundred and fifty dollars, dated August 26, 1851, which mortgage is on the lands for which this note is given.

"Samuel Shenk."

That act makes no instruments promissory notes but those which were such at the common law, and, therefore, the holder of the foregoing instrument can not maintain an action thereon against an indorser or assignor.

APPEAL from the *White* Common Pleas.

Davison J.—Hays, as indorsee of a written instrument,

sued *Gwin*, a remote indorser. The instrument sued on is alleged to be a promissory note, and is as follows:

"$1141.56.     LAFAYETTE, IND., *April* 16, 1856.

"On or before the first of April, 1858, I promise to pay *Henry C. Ash*, or order, eleven hundred and forty-one dollars and fifty-six cents, for value received, and without any relief whatever from the appraisement laws, provided, however, that, prior to the time when this note becomes due, said *Ash* shall pay and have satisfaction entered, of record of a certain mortgage given by him to *Levi Reynolds*, for two hundred and fifty dollars, dated August 26, 1851, which mortgage is on the lands for which this note is given.

"SAMUEL SHENK."

It is averred that *Ash*, the payee, assigned the instrument to *Gwin*, the defendant, who assigned it to one *Hays*, who assigned the same to the plaintiff, and that, after the instrument had matured, and payment and satisfaction of the mortgage to which it refers—the plaintiff sued *Shenk*, the maker, and recovered a judgment against him for only nine hundred and fifty-five dollars and eighty-one cents, and costs; and that, to the extent of the difference between that recovery and the nominal amount of the instrument, viz.: two hundred dollars, the same was procured by fraud, and was without consideration, wherefore, etc., defendant demurred to the complaint. His demurrer was sustained, and the plaintiff excepted. Final judgment was given for defendant.

In argument, two questions are presented: 1. Is the instrument, upon the assignment of which this suit is brought, a promissory note within the meaning of "An act concerning promissory notes and bills of exchange," approved May the 12th, 1852? 2. If the instrument is not a promissory note within the meaning of the act, is that appellee—a remote assignor—liable to the appellant upon his assignment?

The act referred to declares "That all promissory notes,

Hays *v.* Gwin.

bills of exchange, or *other instruments of writing*, signed by any person who promises to pay money, or acknowledges money to be due, or for the delivery of any specific article, or to convey property, or perform any stipulation therein mentioned, shall be negotiable by indorsement thereon, so as to vest the property thereof in each indorsee successively;" that "the assignee of any such instrument may, in his own name, recover against the person who made the same," and that "any such assignee, having made due diligence in the premises, shall have his action against his immediate or remote indorser." 1 R. S. p. 378, sections 1, 2, and 4. These sections, so far as they relate to instruments other than "promissory notes and bills of exchange," have been adjudged inoperative, because the "other instruments" referred to in the body of the act, are not embraced in the title. *Mewherter* v. *Price*, 11 Ind. 199.

Is the instrument in question, in point of law, a promissory note? Mr. *Story* says: "To make a written promise a valid promissory note, it must be for a fixed and certain amount," and "must be payable absolutely, and at all events, and not be subject to any condition or contingency." Story on Prom. Notes, sections 20–22. This is the common law definition, and it will at once be seen that the instrument in question is not within its requirements. It is, however, insisted, that the definition of a promissory note, as it stood at common law, has been varied in this State by judicial decision; thus in *Nicholas* v. *Woodruff*, 8 Blackf. 493, it was held that "a promissory note, payable on a contingency, may, under the statute, be the foundation of an action brought by the payee or assignee, and the consideration for which such note was given need not be averred." This decision was, no doubt, correct, because the note then in suit was, by statute, made assignable by indorsement, and in other respects placed upon a footing with notes "payable absolutely, and at all events." R. S. 1843, pp. 576, 577. In

*Nicholas* v. *Woodruff, supra,* the Court, in its opinion, says: "We consider the note before us to be within the statute. It is, to be sure, payable on a contingency; but as the statute makes no distinction between notes payable on a contingency and those payable at all events, it is not for us to make the distinction." Various other cases, similar to the one to which we have referred, are cited from our Reports; but they are all based upon statutes similar to that of 1843, and enunciate the same rule of decision. And had the statute of 1852 remained in form and effect as it was enacted, the instrument before us might, in reference to the purposes of this suit, be regarded a promissory note. But as that statute has been modified by judicial decision so as to embrace *only* promissory notes, as defined by the common law, no other written promises to pay can be held within its provisions. The instrument, it is true, is assignable without indorsement; but that being the case, the action is still not maintainable, because an assignor is not liable, unless there be a written indorsement, either in full or in blank. *French* v. *Turner,* 15 Ind. 59.

It may be noted that since the trial of the above cause in the Circuit Court, the act of 1852, concerning Bills and Notes, has been repealed, and a new law on that subject enacted. See Acts 1861, p. 145.

*Per Curiam.*—The judgment is affirmed, with costs.
*H. W. Chase* and *J. A. Wilstach,* for the appellant.