No. 417.

## The Noble School Furniture Company v. Washington School Township.

Township Trustee.—*Purchase of School Supplies.— Written Acknowledgment of Indebtedness.—Authority to Issue.—Six Years' Statute of Limitation.*—Where a township trustee purchased school supplies and issued a written acknowledgment of the indebtedness of the township therefor, and in an action on such certificate of indebtedness it is alleged in the complaint that the furniture sold was suitable and necessary for the schools of the township, and that it was delivered to and received and accepted by the corporation, and had ever since been used by the schools, and was of the value agreed upon and stated in the certificate of indebtedness, such action of the trustee was clearly within the scope of his authority, and such action on the written instrument of indebtedness was not within the six years' statute of limitation.

Same.—*School Supplies.—Purchase in Violation of Sections 6006 and 6007, R. S. 1881.—Matter of Defence.—Anticipating Objections.*—If the certificate of indebtedness in question had been made in violation of sections 6006 and 6007, R. S. 1881, which were then in force, such matter was a defence which it was incumbent upon the defendant to plead. It is not necessary in a complaint to anticipate possible objections in a complaint which do not appear.

From the Daviess Circuit Court.

*M. S. Haslinger, J. G. Allen, — Baker and — Baker*, for appellant.

*J. C. Billheimer* and *J. Downey*, for appellee.

Robinson, C. J.—The instrument upon which this action is founded reads thus:

"$70.    State of Indiana, Daviess County,

"Trustees' Office,

"Washington Township, Aug. 26, 1880.

"This is to certify that there is due from this school township to B. Wilson Smith & Co., or order, seventy dollars for school furniture bought for schools of this township, payable out of the special school funds of the township at the First National Bank at Washington, Indiana, on or before the 15th day of June, 1881, waiving all relief from valua-

The Noble School Furniture Co. v. Washington School Township.

tion or appraisement laws, at eight per cent. on the amount after due until paid.     ╱ SAMUEL H. MULHOLLAND,
                        "Trustee of Washington Township."

The complaint, among other things, alleged that said instrument was executed to said B. Wilson Smith & Co. in an acknowledgment of an indebtedness for school furniture contracted and incurred by said defendant which was bought of said B. Wilson Smith & Co. The items of school furniture so sold to defendant were set out in the complaint, and were alleged to be for the use of the defendant and were useful, suitable and necessary for the benefit of the schools of said defendant, and were of the reasonable value of $70, the amount to be paid therefor; that before said instrument became due it was assigned and endorsed in writing by said B. Wilson Smith & Co. to the plaintiff, upon the condition and consideration that the plaintiff would furnish and deliver to said defendant said school furniture so purchased of said B. Wilson Smith & Co.; that plaintiff, in pursuance of said condition and agreement, delivered said school furniture to said defendant at its special instance and request, and was by defendant received, occupied, used and appropriated for the use and benefit of its said schools.

Among the answers to the complaint was one pleading that the action was barred by the six years' statute of limitations. A demurrer was overruled to this answer and exception taken, appellant refused to plead further and judgment was rendered on demurrer.

The alleged error of the court in overruling the demurrer to the answer of the statute of limitations and rendering judgment in favor of the appellee constitute the assignment of error.

While instruments of the character of the one sued on in this action have been productive of much litigation in this State, and their legal effect has repeatedly been determined by the decisions of the Supreme Court, this is the first time in which the statute of limitations of six years, as applied to

such instruments, has been raised in a court of appellate jurisdiction in this State.

The position is assumed by the appellee, in support of the ruling of the Circuit Court on the demurrer to the answer, that the instrument sued on is not a written contract, because the trustee of the appellee had no authority to execute it, and could not, by its execution, bind said township, and that, therefore, it constituted no binding obligation against the appellee to pay, and was not evidence of a debt. To sustain this proposition, we are referred to many cases decided by the Supreme Court as to the force and effect of instruments of like character. From a careful examination of these cases it would seem that the law in relation to instruments of the character sued on is conclusively settled as to the following propositions :

1. That to entitle the plaintiff to recover for personal property sold to a township trustee for school purposes it must be shown that the property was delivered to the school township or its officers. *Litton* v. *Wright School Tp.*, 127 Ind. 81 ; *Honey Creek Tp.* v. *Barnes*, 119 Ind. 213 ; *Bloomington School Tp.* v. *National, etc., Co.*, 107 Ind. 43 ; *State, ex rel.*, v. *Hawes*, 112 Ind. 323 ; *Boyd* v. *Mill Creek School Tp.*, 114 Ind. 210 ; *Union School Tp.* v. *First National Bank*, 102 Ind. 464.

2. That "A note or other obligation executed by the trustee does not bind the school corporation, for it is only bound where the school supplies are actually furnished." *Litton* v. *Wright School Tp.*, *supra; Union School Tp.* v. *First National Bank*, *supra.*

3. That "The notes or certificates issued by a township trustee do not, under the law declared in these cases, preclude the school township from proving the actual or true value of the property purchased by the trustee. If, in fact, the property is valueless, nothing can be recovered. The rule which prevails in ordinary cases, where the parties fix the value of the property by the exercise of their own judgment, does not

apply to the purchase of supplies on credit for school corporations, for no more than the reasonable value of the property can, in any event, be recovered." *Litton* v. *Wright School Tp., supra; Boyd* v. *Mill Creek School Tp., supra.*

4. That " The law intends that where property is sold, on credit to school corporations, they shall only be held for the fair and reasonable value of the property received. Parties who deal with school corporations are bound to know the limitation placed upon them by law."

The law is also settled by some of these cases, and others not necessary to cite, that, in action on an instrument similar to the one in suit, it must be alleged in the complaint, and proven on the trial of the cause, that the school supplies so sold were for the use of the schools of such township, and were useful, suitable and necessary for the benefit of such schools, and had been delivered to and accepted and received by the trustee of such school township.

Under the law as thus established does the instrument sued on come under the first subdivision of section 292, R. S. 1881, wherein it is provided that all actions " on accounts and contracts not in writing" shall be commenced within six years after the cause of action has accrued, and not afterwards? The reason of the rule of law as before stated, as relating to instruments of the character of the one in this action, arises out of the fact that the appellee is a corporation of limited powers, and it must therefore be shown in the complaint, by proper allegations, that the cause of action arose from a transaction or contract within appellee's power to engage in or execute.

It is sufficiently averred in the complaint that the furniture sold was suitable and necessary for the schools of the township; that it was delivered to and received and accepted by the corporation, and had ever since been used by the schools, and was of the value agreed upon and stated in the certificate of indebtedness.

Under the decisions the complaint was good, and although the instrument in question has been limited and restricted, as before shown, yet it constituted a contract in writing, and was properly the foundation of the action.

It can not be claimed that the form and substance of the instrument do not constitute a contract in writing for the payment of money. It is an acknowledgment of an indebtedness and promise to pay, and under the averments in the complaint it was such a contract as the appellee had the authority to enter into and make.

Where the trustee, acting for the school township, provides suitable houses, furniture, apparatus and other articles and educational appliances for the thorough organization and efficient management of said schools (as provided in section 4444, R. S. 1881), and where the furniture or other property or articles provided for in said section are purchased and received, retained and used in the schools, and are of the value agreed to be paid, then the trustee may lawfully issue the written obligation of the school township, assignable but not negotiable under the law merchant.

In *Reeve School Tp.* v. *Dodson*, 98 Ind. 497, it was held that "A trustee of a school corporation has no general authority to execute promissory notes; his authority in this respect is a special one, and can only be exercised in conformity to the statute creating the corporation. The authority to execute promissory notes is confined to cases where the debt which the note evidences is for legitimate school purposes."

What is further said in this case relating to the allegations necessary in a complaint in an action upon such a note sustains the authority of the appellee to execute the instrument in suit.

The case of *Johnson School Tp.* v. *Citizens' Bank*, 81 Ind. 515, was an action on an instrument similar and of the same legal effect of the one in suit. The court in that case says: " While there is no direct or explicit promise

to pay in the instruments sued on, they nevertheless contain equivalent words, and it being expressly shown on their face that the consideration was school furniture, we are of the opinion that they should be regarded as the promissory notes of the school township. If not strictly within the definition of a promissory note, they nevertheless evidence the contract and obligation of the school township, which ' acknowledges money to be due,' and are, by statute, negotiable by endorsement, so as to vest the property therein in each endorsee successively."

"An order such as sued upon in this case is, in legal effect, a promissory note of the county, is assignable, and is presumed to be upon a sufficient consideration." *Brownlee* v. *Board, etc.,* 81 Ind. 186.

"A receipt for money on deposit is a contract in writing for the payment of money, and the six years' statute of limitations does not apply to an action thereon." *Long* v. *Straus,* 107 Ind. 94.

The limitation of the trustee's authority is in respect to the manner and extent of contracting debts for the township, and when the debt is lawfully contracted the trustee has the necessarily resulting power of giving the creditor a proper written acknowledgment and promise to pay.

If the trustee had made the instrument in question in violation of sections 6006 and 6007, R. S. 1881, which statutes were in force at the time of its execution, such fact was a matter of defence which was incumbent upon the appellee to plead. It is not necessary in a complaint to anticipate possible objections in a complaint that do not appear. *Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121 ; *Jefferson School Tp.* v. *Litton,* 116 Ind. 467. The answer of the statute of limitations puts in issue but the one fact, that the instrument was barred by the six years' statute of limitations. Under all of the decided cases of the Supreme Court, the instrument upon its face with the averments in the complaint constituted it a contract in writing, which the trustee could en-

ter into and execute, and thereby bind the school township. The fact that the restrictions and limitations have been placed upon the instrument under the construction given to the statute by the cases cited does not bring the instrument within the six years' limitation of the statute ; that it was a contract not in writing. We must, therefore, hold, that the circuit court erred in overruling the demurrer to the answer pleading the six years' statute of limitations.

The cause is reversed with instructions to sustain the demurrer to said answer, with further proceedings in accordance with this opinion, at appellee's costs.

Filed Jan. 20, 1892; petition for a rehearing overruled March 19, 1892.