99   115
106  696

THE WEIR FURNACE COMPANY, Appellant, v. THE INDE-
PENDENT SCHOOL DISTRICT OF SEYMOUR, in
Wayne County, Iowa.

**Schools:** BOARD AND DIRECTORS: *Ratification.* A contract by the president and secretary of a school district does not bind the district, unless expressly authorized by the board of directors in session, or ratified thereby.

SAME: *Authority construed.* A resolution by the board of directors of a school district for the purchase of four furnaces from a specified company, at a specified price, does not authorize the president and secretary of the board to make a contract for the purchase, providing for the payment of attorney's fees and for payment elsewhere than at the treasury of the board.

POWER OF BOARD: *Attorney's fees.* The board of directors of a school district has no power to contract to pay attorney's fees where such power is not expressly conferred upon it by statute.

*Same—place of payment.* A school board has no authority to make a contract fixing the place of payment elsewhere than at its treasury, without special legislative authority.

**Practice:** WAIVER. In an action against a school district on a contract for supplies, the petition is demurrable if it discloses that the claim was not presented to the board of directors before suit was brought; and such defect is waived by failure to demur.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

TUESDAY, OCTOBER 13, 1896.

ACTION at law, to recover of defendant the contract price of certain furnaces purchased by it from plaintiff, and a further sum for labor and material furnished at defendant's instance and request. The defendant, in an answer, denied the making of the contract; denied the authority of its president and secretary to execute the paper on which the suit is brought. It also pleaded a breach of warranty, made

in the negotiations leading to the delivery of the property, and a rescission of the contract. It further pleaded that the labor and materials sued for were furnished in an attempt by plaintiff to make the furnaces comply with the contract, and in no other way, and that it is under no legal obligation to pay therefor. It also pleaded a counter-claim, based upon a breach of the warranty made in the sale of the furnaces, and asked judgment for the damages sustained. A reply was filed, denying the allegations of the answer, and pleading that the failure of the furnaces to work, if there was any such failure, was due to the fault of the defendant, and further, pleading an estoppel. A jury was impaneled, and the case proceeded to the close of plaintiff's evidence, when, upon motion of defendant, the court instructed a verdict for defendant. Plaintiff appeals.—*Affirmed.*

*Bishop, Bowen & Fleming* for appellant.

*Read & Read* and *Steele & Livingstone* for appellee.

DEEMER, J.—To sustain the action of the lower court, appellee's counsel first insists that the action was prematurely brought, for the reason that appellant's claim was not presented to the board of directors of the school district before suit was brought, and they rely upon *District Township of Spencer v. District Township of Riverton,* 56 Iowa, 85 (8 N. W. Rep. 784), as an authority for their position. There is no doubt but that the case cited, holds to the rule contended for, and yet it does not follow that the district court correctly sustained the motion to direct a verdict upon this ground. Plaintiff's petition disclosed the fact that the claim was not presented to the board, and was vulnerable to a demurrer. Defendant did not see fit to raise the issue in this

manner, and, under familiar and well-settled rules, it waived the defect by failing to take advantage of it in a proper manner.

II.   The motion to direct a verdict was also based upon the ground that the contract upon which plaintiff relies, which was signed by the president and secretary of the school board, was made without authority, was *ultra vires* and void, in this:   That it was not authorized by the board of directors; that it provided for the payment of an illegal rate of interest, was made payable at Des Moines, and also provided for the payment of attorney's fees—all of which provisions, it is asserted, were unauthorized and illegal.   The contract upon which plaintiff relies was signed by the president and secretary of the board, and contained, among other things, the provision to which objection is made; and the controlling inquiry on this branch of the case is:   Is the contract, as made, binding upon the defendant?   If it is not, then plaintiff cannot recover, for the action is predicated upon the contract so signed, and not upon any resolution of the board or upon the *quantum meruit*.   It is conceded by counsel for appellant, as, of course, it must be, that the president and secretary of the defendant corporation had no authority, as such, to make a contract for the furnaces.   To be of any validity, the contract must have been expressly authorized by the board in session, or thereafter ratified thereby.   Recognizing these familiar rules, appellant introduced the minutes of the board of directors to show that the contract was expressly authorized.   These minutes, so far as material, were as follows:   "School board, independent district, Seymour, met at call of president, April 17, 1891.   Members all present.   The object of the meeting was to receive bids for heating the new school house with furnaces.   After hearing the

explanations and receiving bids of the Rootan and Weir Furnace Companies, it was decided to purchase four furnaces of the Weir Furnace Company, at the price of $885; said company to lay down furnaces here, and furnish a man to superintend putting same in. The president and secretary were instructed to contract with the Weir Furnace Company at above prices." They also produced the following from the records of the district: "Moved that there be four radiators placed in the hall floors of the school building, for the purpose of warming halls, the expense to be not more than $30. Carried." This last motion related to the extras claimed by plaintiff. We are left in the dark as to what the proposition or bid of the plaintiff was, as made to the board. A copy of what purports to be the bid is attached to defendant's answer, but it is denied by plaintiff in the reply, and was not introduced in evidence at the trial.

Did the resolution of the board, as we have given it, expressly authorize the contract signed by the president and secretary? It seems to us that it did not, unless we can say that the stipulations objected to were impliedly authorized by reason of the express powers conferred upon the officers of the district. It may be that these officers had authority to bind the district to pay a legal rate of interest upon all deferred payments (although we may observe, in passing, that there is much doubt of their right to do so), but we do not think they had either express or implied authority to contract to pay attorney's fees. Nor do we think they were authorized to make the contract payable at Des Moines. The board of directors made the contract, and the only authority the president and secretary had was to see that it was properly reduced to writing, and to sign the same when it was drawn up in accordance with the resolution of the board. This they did not do, but, on the contrary, they assumed

authority not conferred, and made a contract differing in some of its material parts from that made by the board.   It was not, then, the act of the board, and was consequently not binding upon the district.   It is questionable, to say the least, whether the board of directors could delegate its power and duty to make contracts for the school district such as the one sued upon.   But, if it be conceded that it could do so, the agent so created would have no greater powers than the board itself.   Now, it has been held, and, as we think, correctly, that a school board or other *quasi* municipal corporation, has no right to make a contract fixing the place of payment at any other place than its treasury, without special legislative authority.   See *People v. County of Tazewell*, 22 Ill. 147; *City of Pekin v. Reynolds*, 83 Am. Dec. 244.   It seems clear to us, also that as the school district is a creature of the statute, and has no authority save that which is expressly conferred upon it, its board of directors have no power to contract to pay attorney's fees.   The contract being without authority, it is not binding upon the defendant, and the court was right in sustaining defendant's motion.   It may be that plaintiff was entitled to recover for the four radiators furnished for the halls to the extent of thirty dollars, under the resolution of the board of directors, to which we have called attention.   But the point is not distinctly made by the assignment of errors, nor is it relied upon by counsel in argument. We merely mention it to show the reason why we do not further consider it.   It follows from what has been said that the judgment of the lower court is correct, and it is AFFIRMED.