## SNODDY *v.* WABASH SCHOOL TOWNSHIP OF FOUNTAIN COUNTY.

[No. 2,056. Filed March 18, 1897.]

SCHOOL TOWNSHIPS.—*Powers of Trustee Limited to Those Delegated by Statute.—Attorney's Fees.*—A school township cannot be held liable upon an attorney fee clause in a note. The powers of trustee to make contracts being limited to those granted by statute.

From the Fountain Circuit Court. *Affirmed.*

*Lucas Nebeker* and *D. W. Simms,* for appellant.

*C. M. McCabe,* for appellee.

COMSTOCK, C. J.—Appellant brought this suit against appellee to recover the amount due on certain notes or warrants executed by defendant township to J. L. Townsley, payee, and by said Townsley endorsed to plaintiff. The warrants contained an unconditional promise to pay attorney fees. Upon request of plaintiff the court made a special finding of the facts and conclusion of law thereon.

In its conclusion of law the court below held that

the plaintiff was not entitled to recover of the defendant any sum for attorney fees.

The sole question presented to this court is, "May a township which has executed its note in usual form providing for attorney fees for a valid debt which it had the power to incur, be held liable upon an attorney fee clause contained therein?"

Appellant contends that a township stands upon the same footing with any other corporation; that the general law upon which the township depends for its existence clothes it with power to purchase school supplies or any other article necessary to carry on its business, and it has the power to execute its promissory note in payment therefor, precisely the same as an individual or a private corporation; that unless there is a special statute restricting the powers of townships, concerning the execution of its promissory notes, it must be held liable upon an attorney fee clause contained in such note the same as a private corporation or an individual.

Appellee contends that this position is not supported by authority. The precise question presented has not, so far as we are advised, been passed upon in this State. There have been cases based upon notes and warrants issued by township trustees in which there were stipulations to pay attorney fees, but in these cases the authority of the trustees to agree to pay attorney fees was not questioned, and they serve only to show a practice.

Section 5920, Burns' R. S. 1894, delegates to township trustees the power to employ teachers, establish and locate schools, build and provide suitable houses, furniture and other articles and educational appliances necessary for the thorough organization and efficient management of said schools.

Upon this statute and the decision of the Supreme

Court, in *Sheffield School Tp.* v. *Andress*, 56 Ind. 157, based thereon, appellant chiefly relies to maintain his position. The warrant sued on in that case bore ten per cent. interest and provided for the payment of attorney fees. The court, in speaking of the power in corporations to make contracts *intra vires*, say: "Always, they could make necessary and proper contracts,.in respect to the business legitimately arising within the scope of their corporate powers. Always, they could make them in writing, and, formerly, could, at common law, make them only in writing; and yet they could not make a promissory note. This was not because they could not give an obligation to pay a debt, but because corporations, at common law, could not make a parol contract, and, at common law, a promissory note is a parol contract. * * * Municipal and *quasi* corporations can make, in a proper case, a promissory note. * * * But the narrower question is made in this case, could the appellant, viz., Sheffield School Township, execute the notes sued on in this case? Being payable out of a particular fund, they are not commercial paper, and their assignment could cut off no defense, in the hands of the assignee." Citing *Hays* v. *Gwin*, 19 Ind. 19; *Johnson* v. *Seymour*, 19 Ind. 24. "An individual could have legally executed them. They are within the law of this State. They stipulate for a legal rate of interest, and for attorney fees within the statute. * * * We think it was within the discretion and power of the corporation to give the notes in accordance with these terms."

The only question the court was called upon to, and did decide was, in the language of Perkins, C. J., in delivering the opinion, "Can a school township execute a valid promissory note in consideration of a liability incurred in building a schoolhouse?"

It has, since said decision was rendered, been held

by our Supreme and Appellate Courts in several cases, that when a debt has been lawfully contracted by a township trustee he has the necessarily resulting power of giving a creditor a proper written acknowledgment and promise to pay. A note or other obligation executed by the trustee does not bind the school corporation, for it is only bound when the school supplies are actually furnished.

" 'The law intends that where property is sold, on credit to school corporations, they shall only be held for the fair and reasonable value of the property received. Parties who deal with school corporations are bound to know the limitation placed upon them by law.' " See *Noble School Furniture Co.* v. *Washington School Tp.*, 4 Ind. App. 270, and authorities there cited.

These cases go only to the proposition that in some form the trustee may acknowledge, in writing, the obligation to pay a valid debt of the township.

Upon the subject of the promises of school townships, the Supreme Court, in *Honey Creek School Tp.* v. *Barnes*, 119 Ind. 213, says: "School townships are corporations with limited statutory powers, and all who deal with a trustee of a school township are charged with notice of the scope of his authority, and that he can bind his township only by such contracts as are authorized by law." Citing *Reeve School Tp.* v. *Dodson*, 98 Ind. 497; *Union School Tp.* v. *First National Bank*, 102 Ind. 464; *Axt* v. *Jackson School Tp.*, 90 Ind. 101; *Bloomington School Tp.* v. *National School Furniture Co.*, 107 Ind. 43. "Private corporations, organized for pecuniary profit, may, like individuals, borrow money whenever the nature of their business renders it proper or expedient that they should do so, subject only to such express limitations as are imposed by their charters. The power to borrow carries

with it, by implication, unless restrained by the charter, the power to secure the loan by mortgage. Accordingly it may be regarded as settled, that where general authority is given a corporation to engage in business, and there are no special restraints in its charter, it takes the power as a natural person enjoys it, with all its incidents and accessories; it may borrow money to attain its legitimate objects, precisely as an individual, and bind itself by any form of obligation not forbidden." *Wright* v. *Hughes, Assignee*, 119 Ind. 324.

We do not understand that the same rule applies to a school township or other *quasi* municipal corporations. They are held to the exercise of the limited powers conferred by statute. The cases herein cited holding that valid acknowledgments of debts and promises to pay, executed by the trustee are lawful, also hold that such written instruments only bind the school corporation when the school supplies are actually furnished. They do not preclude the school township from proving the actual or true value of the property purchased by the trustee. Trustees may acknowledge and promise to pay a debt incurred in the purchase of property they had authority to buy, but, in our opinion, neither the statutes of our State nor the decisions cited can be construed as giving them authority to enter into a contract of indemnity, in the form of a promise to pay attorney fees, for the enforcement of such acknowledgment or promise. The trustee is not obliged to incur an indebtedness; he need not buy until he has the funds with which to pay; he need give no written obligation to pay, and unless clearly authorized to do so by law he should not have authority to bind the school township for payment of anything but the property it actually receives.

Appellee cites as in point, *Weir Furnace Co.* v. *Independent School Dist. of Seymour, etc.* (Ia. Sup.), 68 N. W. 584. It was an action against a school district for supplies. The court held that a school board has no power in the absence of express legislative authority to make a contract for school supplies which stipulates for the payment of attorney's fees by the school district. Deemer, J., speaking for the court, says: "Now, it has been held, and as we think correctly, that a school board or other *quasi* municipal corporation has no right to make a contract fixing the place of payment at any other place than its treasury, without special legislative authority. * * * It seems clear to us, also, that as the school district is a creature of the statute, and has no authority, save that which is expressly conferred upon it, its board of directors have no power to contract to pay attorney's fees."

Counsel for appellant insist that the expression above quoted is *obiter dictum*—that the question was not involved in the case—that, being a decision of a foreign state, it has here no binding force. While it is not binding as an authority in Indiana, yet it is the expression of the supreme court of Iowa directly upon the question in the case at bar, and is based upon the proposition recognized in all the authorities that a school district is a creature of the statute and of limited powers. We know of no authority to the contrary. The statute does not give the power to the trustee, and, in our opinion, it is not to be inferred.

Judgment affirmed.

HENLEY, J., dissents.