Pine Civil Township *v.* The Huber Manufacturing Company.

No. 8342.

# Pine Civil Township *v.* The Huber Manufacturing Company.

| 83 | 121 |
|---|---|
| 134 | 76 |
| 135 | 249 |
| 136 | 127 |

| 83 | 121 |
|---|---|
| 137 | 432 |

| 83 | 121 |
|---|---|
| 144 | 188 |

| 83 | 121 |
|---|---|
| 161 | 506 |

| 83 | 121 |
|---|---|
| 164 | 102 |

PLEADING.—*Complaint.*—*Demurrer.*—*Practice.*—In a demurrer for want of facts, the word "complaint" is not equivalent to the words "cause of action," prescribed by statute.

SAME.—*Anticipating Defences.*—Matters of defence need not be anticipated in the complaint.

TOWNSHIP TRUSTEE.—*Obligation for Property Purchased.*—An obligation, for property bought for the use of a township, and received by it, may be given by the trustee.

SAME.—*Contract.*—A township trustee, or other agent of the public, is not personally bound by the contracts made by him.

SAME.—*Limitation of Power to Contract.*—Persons contracting with a civil corporation are bound to know the law limiting the power of its agents to contract.

SAME.—*Complaint.*—The complaint in an action upon a township's obligation, need not anticipate and negative the exceptions contained in sections 6006 and 6007, R. S. 1881.

SAME.—*Answer.*—An answer of indebtedness in excess of funds, and failure to first procure an order from the board of commissioners, as required by sections 6006 and 6007, R. S. 1881, contains a good defence to an action upon an obligation of a township.

From the Warren Circuit Court.

*J. M. Rabb,* for appellant.

*J. G. Pearson,* for appellee.

BICKNELL, C. C.—The appellee brought this action against the appellant upon a written contract.

The complaint was in two paragraphs.

A demurrer to the first paragraph was sustained.

A demurrer to the second paragraph was overruled.

The defendant answered in one paragraph; a demurrer to the answer was overruled; the plaintiff replied in denial. A trial by the court was followed by a finding for the plaintiff for the sum mentioned in the written contract, with interest. The defendant moved for a new trial, alleging that the finding was not supported by sufficient evidence, and was contrary to

the evidence. This motion was overruled; judgment was rendered upon the finding, and the defendant appealed.

The appellant assigns errors :

First. In overruling the demurrer to the second paragraph of the complaint.

Second. In overruling the motion for a new trial.

The appellee assigns cross errors : First. In sustaining the demurrer to the first paragraph of the complaint. Second. In overruling the demurrer to the answer.

The writing sued on was as follows :

"RAINSVILLE, Aug. 6th, 1877.

"HUBER MANUFACTURING CO., MARION, O. :

"Please ship on or about August 15th, 1877, to D. W. Sigler, at Boswell station, on L. M. & B. R. R., by the most practicable route, six (6) revolving scrapers, steel bottom, at $18 each, which we agree to receive, and pay freight on the same, from your factory, at Marion, Ohio, and for which the undersigned agree to pay to the Huber Manufacturing Company, or order, the sum of one hundred and ten dollars, on or before the 15th day of May, 1878, with interest at 8 per cent. per annum, from August 20th, 1877, until paid, payable at express office, at Williamsport, Warren Co., Ind. Address all letters to D. W. Sigler, at Rainsville P. O., Warren county, State of Indiana, Trustee Pine Township, Warren county, State of Indiana.      (Signed) D. W. SIGLER, Trustee."

The second paragraph of the complaint states that the above contract was made by Pine township, as the obligation of the township, and was intended to operate as such, and that the property was bought for the use of the township, and was received by the township in good order. There is no valid objection to this paragraph. The contract was the contract of the township. An agent, contracting on behalf of the public, is not personally bound by such contract, even though he would be by the terms of the contract, if it were an agency of a private nature. It is not to be presumed, in such a case, that the party, dealing with such public officer, means to rely

upon his individual responsibility.   Story Agency, sections 302 and 303; *Wallis* v. *Johnson School Tp.*, 75 Ind. 368; *Mackenzie* v. *Board, etc.*, 72 Ind. 189; *School Town of Monticello* v. *Kendall*, 72 Ind. 91 (37 Am. R. 139); *Sheffield School T'p* v. *Andress*, 56 Ind. 157.

The township, as a corporation, had authority to incur indebtedness in its appropriate business.   1 R. S. 1876, p. 900, section 4.   And although, in certain cases, the trustee could not incur indebtedness for the township without an order of the county board therefor—1 R. S. 1876, p. 903—yet these cases are exceptions; they furnish matter of defence; no notice need be taken of them in a complaint.   It is not necessary in a complaint to anticipate possible objections that do not appear. Co. Litt. 303 a; *King* v. *Lyme Regis*, 1 Doug. 149.   There was no error in overruling the demurrer to the second paragraph of the complaint, and there was no error in overruling the motion for a new trial.

The answer alleged that, at the time the contract was made, the trustee had not on hand any funds to which said indebtedness would be properly chargeable, and that the indebtedness already incurred that year exceeded the taxes already assessed against said township for said year, and that there was no order of the county board authorizing such indebtedness.   By this answer the defendant sought to take advantage of the statute, 1 R. S. 1876, p. 903.   The allegations of the answer were denied by the reply, and were not sustained by the evidence.   The finding was not contrary to the evidence, but was supported by the evidence.

The appellee asks the court to decide upon the cross errors assigned.

The first of these is, sustaining the demurrer to the first paragraph of the complaint.  This demurrer ought not to have been sustained, because it is not in any of the forms prescribed by the statute; its language is : " The defendant demurs to the plaintiff's complaint, for the following grounds of objection,

to wit: First. Because said complaint does not state facts sufficient to constitute a complaint."

Such a demurrer presents no question. *Martin* v. *Martin,* 74 Ind. 207; *Riley* v. *Murray,* 8 Ind. 354; *Porter* v. *Wilson,* 35 Ind. 348.

The second cross error assigned is, overruling the demurrer to the answer. The answer sufficiently avers the facts, by which under the act of March 11th, 1875, 1 R. S. 1876, p. 903, the power of township trustees, in incurring debts for their townships, is limited. All persons are required to take notice of existing provisions of a public statute, and are bound thereby.

There was no error in overruling the demurrer to the answer. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.