Bloomington School Tp. of Monroe Co. *v.* The Nat'l School Furnishing Co.

Our conclusion is, that the complaint stated facts sufficient to require the appellee to show cause, if any he can, why he should not issue his warrant upon the treasurer of his county for the amount claimed to be due to the relator of the appellant, and that on that account the circuit court erred in sustaining the demurrer to the complaint. *State, ex rel.,* v. *Morris,* 103 Ind. 161.

The judgment is reversed with costs, and the cause is remanded for further proceedings.

ZOLLARS, J., expressed no opinion in the cause.

Filed June 15, 1886.

---

No. 12,530.

## BLOOMINGTON SCHOOL TOWNSHIP OF MONROE COUNTY *v.* THE NATIONAL SCHOOL FURNISHING COMPANY.

SCHOOL TOWNSHIP.—*Contracts of Trustee.*—*Notice.*—In dealing with the trustee of a school township, all persons are bound to take notice of his official and fiduciary character, and to know that he can only bind his township by contracts which are shown to be authorized by law.

SAME.—*School Supplies.*—*Complaint on Contract for.*—*Necessary Averments.*— A complaint against a school township, on a contract for school supplies, to be good must allege that such supplies are necessary and suitable for the use of the public schools of the township, and that they have been delivered to and accepted by such township.

From the Monroe Circuit Court.

*J. B. Mulky* and *J. F. Pittman,* for appellant.
*J. W. Buskirk* and *H. C. Duncan,* for appellee.

HOWK, C. J.—In this case, the first error of which complaint is here made by appellant, the defendant below, is the overruling of its demurrer to appellee's complaint.

The complaint was in two paragraphs. In the first paragraph, the appellee alleged that it was a duly organized cor-

| | |
|---|---|
| 107 | 43 |
| 127 | 82 |
| 107 | 43 |
| 137 | 432 |
| 107 | 43 |
| 146 | 475 |
| 107 | 43 |
| 163 | 340 |
| 163 | 341 |
| 163 | 669 |
| 107 | 43 |
| 164 | 103 |

poration; that, on May 8th, 1883, appellant entered into a written contract with appellee, a copy of which contract was filed with and made part of such paragraph, by which contract appellant purchased of appellee certain goods therein named to the amount of $155; that such goods, by the terms of such contract, were to be shipped to Frank R. Woolley, who was then the trustee of appellant, and such amount was to be paid immediately, on the receipt of such goods in the freight office in Bloomington, Indiana; that, in pursuance of such contract, appellee shipped such goods, marked as aforesaid, and they were received at such freight office in Bloomington; and that appellant had wholly failed to pay therefor, though requested so to do.    Wherefore, etc.

In the second paragraph of its complaint, appellee sued for the recovery of the same alleged indebtedness, under the same written contract declared upon in the first paragraph. There is some difference in the phraseology of the paragraphs, but substantially the same facts were stated in each of the paragraphs of the complaint.    We need not, therefore, give the substance even of the second paragraph of complaint.

The written contract, whereof a copy was filed with and made part of each paragraph of the complaint, was in the words and figures following, to wit:

" Contract for school supplies, made this 3d day of May, 1883, between the school trustee of Bloomington township, Monroe county, Indiana, and the National School Furnishing Company of Chicago, Illinois, for the following school supplies, the goods to be shipped by freight, marked ' Mr. Frank R. Woolley, freight office at Bloomington, Monroe county, State of Indiana ': .

" Lunar Telluric Globe;

" 8 C. S. Sets of Monteith's Maps, U. S., Europe, etc.;

" 8 Monteith's Grand Map of World;

" Bade's Reading Case;

" 8 Monteith's Pictorial Charts and Hand-books;

" Blanchard's Historical Map;

" Extra book for Charts, by mail at once;   Total, $155.
" Ship August 1st, 1883.

" For which the school trustee of said township agrees to pay to the National School Furnishing Company, the sum of one hundred and fifty-five dollars cash, on receipt of goods· If paid in a school order, the same shall bear interest at the rate of 8 per cent. per annum."

Appellant demurred to each paragraph of the complaint, · upon the ground that it did not state facts sufficient to constitute a cause of action.   The court overruled the demurrer as to both paragraphs of complaint, and this ruling is assigned here as error.

We are of opinion that each paragraph of appellee's complaint was insufficient, and that the demurrer thereto ought to have been sustained.   We do not doubt that, under the statutes in force at the time, appellant's trustee was authorized to purchase for the use of the free common schools of his township, such school supplies and furniture as were necessary and suitable for such schools; nor do we doubt his power, under such statutes, when such supplies and furniture had been delivered to and accepted by his township, to bind the school corporation whereof he is trustee, for the payment of the fair and reasonable price or value thereof.   In the execution of the written contract, which is made the basis of the complaint in this case, appellee was affected with notice of the limited powers of appellant's trustee, under our laws. Such trustee does not and can not act as the agent merely of his township.   He is a public officer, and his relations to his township, as the name of his office clearly imports, are all of a fiduciary nature.   In dealing with such trustee, all persons are bound to take notice of his official and fiduciary character, and to know that he can only bind his township by his contracts, verbal or written, when it appears, or is shown by proper averment and proof, that such contracts are authorized by law.   This is the doctrine of our decisions upon the

point under consideration. *Pine Civil Tp.* v. *Huber, etc., Co.,* 83 Ind. 121; *Axt* v. *Jackson School Tp.,* 90 Ind. 101; *Reeve School Tp.* v. *Dodson,* 98 Ind. 497; *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464; *Summers* v. *Board, etc.,* 103 Ind. 262 (53 Am. R. 512); *Platter* v. *Board, etc.,* 103 Ind. 360.

Upon the question we are now considering, the case in hand can not well be distinguished from *Reeve School Tp.* v. *Dodson, supra.* In the case cited, Dodson sued Reeve school township upon two promissory notes, executed by the trustee of such township, and each note recited that it was given for certain tellurians, purchased for the benefit of the schools of such township. The sufficiency of Dodson's complaint was the only question considered here; and it was held that, for the want of averments that the tellurians were necessary for the schools and suitable for use therein, and that they had been delivered to and accepted by the school corporation, such complaint was bad on a demurrer thereto for the want of sufficient facts. So, in the case under consideration, for the purpose of showing that appellant's trustee, in the execution of the contract sued upon, was acting within the scope of his limited powers, appellee ought to have averred, in each paragraph of its complaint, that the school supplies mentioned in such contract were necessary and suitable supplies for the use of the public schools of Bloomington school township; and, for the purpose of showing that such contract was a valid and binding obligation of the school corporation for the payment of the sum of money mentioned therein, appellee ought to have averred that such supplies had been delivered to and accepted by such school township. For the want of such averments as those indicated, each paragraph of appellee's complaint was clearly bad, and the overruling of the demurrers thereto was erroneous.

This conclusion renders it unnecessary for us now to consider or decide any of the questions arising under the other errors of which appellant complains.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to each paragraph of complaint, and for further proceedings in accordance with this opinion.

