# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1887, IN THE SEVENTY-SECOND YEAR OF THE STATE.

---

No. 12,814.

THE STATE, EX REL. COHEN ET AL., v. HAWES ET AL.

TOWNSHIP.—*Indebtedness.*—*Liability of Trustee and Sureties.*—*Act of 1883.*— To render a township trustee and his sureties liable under the act of March 5th, 1883 (Acts of 1883, p. 114), a debt must have been contracted in the name or in behalf of the township, and in violation of sections 6006 and 6007, R. S. 1881, which require an order from the county commissioners in certain cases.

SAME.—*Definition of Debt.*—It is essential to the idea of a debt that an enforceable obligation must have arisen out of a contract, express or implied, in favor of one occupying the relation of creditor, and entitling him to receive a sum of money.

SAME.—*School Supplies.*—A township trustee can not contract a debt for school supplies, unless supplies suitable and reasonably necessary for the township have been actually delivered to and received by the township.

SAME.—*Paper Issued Without Consideration Void.*—Where paper, purporting to be the obligation of a township, has been issued without any consideration, it is void, and creates no debt, and the holder, whether the payee or an assignee, has no right of action under the act of 1883.

SAME.—*Law Merchant.*—*Innocent Holder.*—A certificate, issued by a township trustee, reciting that there is due the payee a certain sum for

(323)

school supplies bought and received by the township, is not negotiable according to the law merchant, and, where fraudulently issued without consideration, is void, even in the hands of subsequent holders. .

From the Daviess Circuit Court.

¯N. *Morris,* L. *Newberger,* W. R. *Gardiner* and S. H. *Taylor,* for appellants.

J. *Baker,* for appellees.

MITCHELL, C. J.—John Grimsley, as school trustee of Steele township, in Daviess county, on the 11th day of March, 1885, delivered to R. B. Pollard a certificate which recited, in effect, that there was due the latter $929 for school supplies, bought and received by the township, payable out of its school fund, at the Washington National Bank of Washington, Indiana, on the 20th day of June, 1886, with eight per cent. interest.

In a complaint against the trustee and the sureties on his official bond, the appellants, as relators, alleged that they were the holders of the certificate above referred to, having taken the same in good faith, by assignment endorsed thereon in writing. They charged that the certificate had been wrongfully and illegally issued, for the following specified reasons: Because, 1st. The pre-existing indebtedness of Steele township exceeded the amount of two per cent. of the assessed valuation of the taxable property therein; 2d. That the supplies mentioned in the certificate had never been delivered to, nor received by, the township; and, 3d. That the trustee had not obtained the order of the board of commissioners authorizing him to contract the indebtedness therein mentioned, as required by sections 6006 and 6007, R. S. 1881.

The court sustained a demurrer to the complaint, and the question presented is, whether the appellees, as sureties upon the official bond of Grimsley, are liable by reason of his having thus issued the certificate.

On behalf of the appellants, it is contended that the lia-

bility of the sureties results from the provisions of section 2 of "An act touching the duties of township trustees with reference to liquidating and contracting indebtedness of townships in certain cases," approved March 5th, 1883. Acts 1883, p. 114. This section provides "that any township trustee, in any county of the State of Indiana, who shall contract any debt in the name or in behalf of any civil or school township of which he may be the trustee, contrary to the provisions of sections 1 and 2 of 'An act to limit the powers of township trustees in incurring debts, and requiring them to designate certain days for transacting township business,' approved March 11th, 1875 (the same being numbered six thousand and six and six thousand and seven of the Revised Statutes of the State of Indiana), shall be personally liable, and liable on his official bond, to the holder of any contract or other evidence of such indebtedness, for the amount thereof."

The sections above referred to require township trustees, whenever they deem it necessary to incur any debt or debts, on behalf of their townships, in excess of the fund on hand to which such debt or debts are chargeable, and of the fund to be derived from the tax assessed against their respective townships for the year in which such debt is to be incurred, to procure an order, after due notice as therein provided, from the board of commissioners, authorizing them to contract such indebtedness.

As has been seen, the complaint charges that the order or certificate in question had been issued in violation of the statute above referred to, and that it was, moreover, wrongfully and illegally issued, in that no consideration had ever been delivered or received for the certificate.

The liability imposed by the act of 1883 requires, as a condition precedent, that the township trustee must have contracted a debt, in the name or in behalf of his township, either civil or school, and the debt must have been contracted in violation of the provisions of sections 6006 and 6007.

If, therefore, the transaction in which the certificate had its inception was such as to create no debt, or if the debt created was not within the prohibition of the above mentioned sections, manifestly the statutory liability has not been incurred by any one.

It appears from the face of the certificate that it was issued for school supplies, bought and received by the township, but the complaint avers that the supplies had never been delivered to, nor received by, the township.

We are not required, therefore, to determine whether sections 6006 and 6007 apply to the ordinary debts incurred by the trustee for furniture, apparatus and other supplies for the schools of his township, nor need we consider the relevancy of the averment that the pre-existing indebtedness of the township exceeded two per cent. of the assessed valuation of the taxable property therein. It is only necessary to say, without further remark upon this feature of the case, that, upon the facts as they appear in the complaint, no debt of any description whatever was contracted.

A debt, in its more general sense, is a specified sum of money which is due or owing from one person to another, and "denotes not only the obligation of the debtor to pay, but also the right of the creditor to receive and enforce payment." Rapalje & Lawrence L. Dict., title " Debt." *Shane* v. *Francis,* 30 Ind. 92.

It is essential to the idea of a debt, that an obligation must have arisen out of a contract, express or implied, in favor of some one occupying the relation of creditor, which entitles the latter to receive a sum of money, which obligation, by possibility, might, or ought to be, enforced against another.

The mere delivery of a piece of paper which imports an obligation to pay money, but which is in fact no evidence of an actual existing debt, does not constitute the contracting of a debt.

It can not be supposed that it was the purpose of the stat-

The State, *ex rel.* Cohen *et al., v.* Hawes *et al.*

ute to enable the holder of a contract, or other evidence of indebtedness, issued by a township trustee in the name or in behalf of his township, to hold the trustee personally liable, and liable on his official bond, whether an indebtedness had been in fact contracted or not. The recovery in any case is limited by the statute to the amount of the indebtedness, and not by the amount stipulated in the contract; hence, given a case in which there is no indebtedness—that is, no one who occupies the situation of a creditor—and there can be no recovery under the statute. *Stanton* v. *Shipley*, 27 Fed. R. 498.

A township trustee can not contract a debt for school supplies unless supplies suitable and reasonably necessary for the township have been actually delivered to, and accepted by, the township. *Bloomington School Tp.* v. *National, etc., Co.*, 107 Ind. 43; *Reeve School Tp.* v. *Dodson*, 98 Ind. 497; *Wallis* v. *Johnson School Tp.*, 75 Ind. 368.

Where, therefore, as is the case here, paper purporting to be the obligation of a township has been issued without any consideration whatever, nothing having been given or received therefor, the holder of such paper, whether he be the payee named therein or an assignee, has no right of action under the act of 1883, because the trustee has not, in any legal or equitable sense, contracted a debt. Such paper creates no obligation against any one; it is void. *Axt* v. *Jackson School Tp.*, 90 Ind. 101.

Since township trustees can issue obligations, binding on the township, only in case a debt has been contracted, and since, in any event, paper issued as evidence of an actual indebtedness already incurred by a municipal corporation, which possesses only limited powers, conferred for special and local purposes of a purely non-commercial character, is not negotiable according to the law merchant, a subsequent holder of paper issued by a township trustee can occupy no better ground than that occupied by the person to whom it was issued. *Sheffield School Tp.* v. *Andress*, 56 Ind. 157; *McCurdy* v. *Bowes*, 88 Ind. 583; *Mayor* v. *Ray*, 19

Wall. 468; *Wall* v. *County of Monroe*, 103 U. S. 74; *Police Jury* v. *Britton*, 15 Wall. 566; *First Nat'l Bank, etc.*, v. *Rush School Dist.*, 81* Pa. St. 307.

The certificate having been issued in the name and in behalf of the township without power or authority, and not as evidence of any debt contracted by the trustee, it was absolutely void in the hands of the original payee, both as respects the trustee personally and the township, and being, for that reason, void in his hands, it was equally invalid in the hands of any subsequent holder. *Bissell* v. *Spring Valley Tp.*, 110 U. S. 162; *School Dist.* v. *Stone*, 106 U. S. 183, and cases cited; *Merrill* v. *Town of Monticello*, 16 Cent. L. J. 90.

Whether, in case a township trustee actually obtains a loan in violation of sections 6006 and 6007, and misapplies or converts the money to his own use, the sureties on his bond are liable under the act of 1883, or whether the liability imposed by that act is, in any event, a mere personal liability against the trustee, are questions which do not arise in this case. See *Stanton* v. *Shipley, supra.*

It would seem probable that the intention of the Legislature was to afford redress to those who might become holders of contracts or other evidences of indebtedness issued by a township trustee, in the name of the township, to persons who had in good faith parted with money or property, in pursuance of a contract made by the trustee contrary to the provisions of sections 6006 and 6007, upon which the trustee was not personally bound, and which, but for those sections, would have entitled the holder to a remedy against the township. *Union School Tp.* v. *First Nat'l Bank, etc.*, 102 Ind. 464; *Pine Civil Tp.* v. *Huber Mfg. Co.*, 83 Ind. 121; *Middleton* v. *Greeson*, 106 Ind. 18.

In respect to this, as the question does not arise in the case, we decide nothing.

Judgment affirmed, with costs.

Filed Nov. 28, 1887.