Litten, Administrator, v. Wright School Township.

Filed Jan. 29, 1891.

⎯⎯⎯⎯◆⎯⎯⎯⎯

| 127 | 81 |
| 127 | 96 |
| 127 | 81 |
| 130 | 536 |
| 127 | 81 |
| 144 | 434 |
| 127 | 81 |
| 151 | 657 |

No. 14,737.

LITTEN, ADMINISTRATOR, v. WRIGHT SCHOOL TOWNSHIP.

TOWNSHIP TRUSTEE.—*School Supplies.*—*Note.*—*When Township Bound.*—A note, or other obligation, executed by the township trustee for school supplies purchased on credit does not bind the school corporation; it is bound only where the school supplies were actually delivered to the school township.

SAME.—*Value of Supplies.*—*Evidence.*—The notes or certificates issued by a township trustee do not preclude the school township from proving the actual or true value of the property purchased by the trustee. Evidence of the value of the property alleged to have been sold to the school township is properly admissible.

VOL. 127.—6

Litten, Administrator, *v.* Wright School Township.

EVIDENCE.—*General Objections.*—General objections to evidence are unavailing, and only such objections as are specifically stated will be noticed on appeal.

SAME.—*Witness's Interest.*—An objection that certain letters given in evidence were written after the notes in suit had been assigned, is unavailing where the letters are competent as tending to show the interest of some of the witnesses in the cause.

From the Greene Circuit Court.

A. G. Cavins, E. H. C. Cavins and W. L. Cavins, for appellant.

J. D. Alexander and H. W. Letsinger, for appellee.

ELLIOTT, J.—Our decisions affirm that to entitle a plaintiff to recover for personal property sold to a township trustee for school purposes, it must be shown that the property was delivered to the school township or its officers. *Honey Creek School Tp.* v. *Barnes,* 119 Ind. 213; *Bloomington School Tp.* v. *National, etc., Co.,* 107 Ind. 43; *State, ex rel.,* v. *Hawes,* 112 Ind. 323; *Boyd* v. *Mill Creek School Tp.,* 114 Ind. 210; *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464. A note, or other obligation, executed by the trustee does not bind the school corporation, for it is only bound where the school supplies are actually furnished. *Union School Tp.* v. *First Nat'l Bank, supra;* *Grimsley* v. *State, ex rel.,* 116 Ind. 130.

The notes or certificates issued by a township trustee do not, under the law declared in the cases referred to, preclude the school township from proving the actual or true value of the property purchased by the trustee. If, in fact, the property is valueless nothing can be recovered. The rule which prevails in ordinary cases where parties fix the value of property by the exercise of their own judgment, does not apply to the purchase of supplies, on credit, for school corporations, for no more than the reasonable value of the property can, in any event, be recovered. *Boyd* v. *Mill Creek School Tp., supra.* The law intends that where property is sold, on credit, to school corporations, they

shall be only held for the fair and reasonable value of the property received. Parties who deal with school officers are bound to know the limitations placed upon them by law. It was, therefore, proper in this case to admit evidence of the value of the property which the plaintiff alleged had been sold to the school township.

General objections to evidence are unavailing, and only such objections as are specifically stated will be noticed on appeal. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196, and cases cited; *Metzger* v. *Franklin Bank*, 119 Ind. 359. The only specific objection made to certain letters that were given in evidence is that they were written after the notes had been assigned, and this objection is unavailing, for the reason that the letters were competent as tending to show the interest of some of the witnesses in the cause.

There is a conflict of evidence, but we think the very decided preponderance of the evidence upon the question whether the property was delivered to the school township is in favor of the finding of the jury. This was the pivotal question in the case, and its decision against the appellant precluded a recovery. *Boyd* v. *Mill Creek School Tp., supra.*

Judgment affirmed.

Filed Jan. 29, 1891.