FIRST NATIONAL BANK OF ELKHART *v.* OSBORNE ET AL.

[No. 2,301. Filed November 16, 1897.]

BILLS AND NOTES.—*Township Orders.—Assignment.*—A note or order issued by a township trustee is not commercial paper, and its assignment cannot cut off any defense of the township thereto. *p. 446.*

TOWNSHIP TRUSTEE.—*Power to Bind Township for Purchase of Reading Circle Books.—Schools.—Statute Construed.*—A school trustee has no authority under section 5920, Burns, R. S. 1894, to bind his school township by a contract for the purchase of reading circle books for the use of the public schools of his township. *p. 447.*

FRAUD.—*Township Trustee.—Representations as to Township Order. —Liability Of.*—A township trustee cannot be held personally liable for the amount of a township order, by reason of a written statement made by him to the purchaser thereof that the order was all right, where such order was on its face void. *pp. 447–449.*

From the Elkhart Circuit Court. *Affirmed.*

*Henry C. Dodge,* for appellant.

*Francis E. Baker* and *Charles W. Miller,* for appellees.

BLACK, J.—The assignment of error questions the conclusion of law stated upon the facts found in a special finding. The facts were stated in substance as follows: On the 30th of October, 1894, the defendant Ira Osborne, being a duly elected, qualified, and acting trustee of Jefferson school township, Elkhart county,

Indiana, assuming to act in his said official capacity, entered into an agreement with his co-defendant, George M. Ray, that the former would execute to the latter, and on that day did execute to him, a township warrant, or order, set out in the complaint herein, together with two other orders of $700.00, each exactly like the one set out in the complaint herein, only on longer time, making $2,100.00 in all; "and for the said warrant said Ray agreed to ship and deliver to said Osborne, as said trustee, at a future time, eleven 'Reading Circle Library Cases,' " said first mentioned warrant being as follows:

"$700.00.   Goshen, Ind., October 30, 1894.   On June 15, 1895, after date, Jefferson school township, of Elkhart county, Indiana, promises to pay to George M. Ray, or bearer, at the State Bank of Goshen, Indiana, seven hundred dollars, with eight per cent. interest per annum from date until paid and attorney's fees. This warrant is given for necessary school supplies, consisting of Reading Circle Library, and Cases, to be used in the public school houses of said township; and the undersigned trustee of said township hereby certifies that the aggregate amount of indebtedness hereby incurred on behalf of said township does not exceed the amount of funds on hand out of which the same is payable, and the amount of funds to be obtained from the tax assessed against said township for the year in which said indebtedness was incurred. [Signed] Jefferson School Township, Elkhart county, Indiana.   By Ira Osborne, Trustee."

Said warrants were executed without any other consideration than "the promise of said Ray to ship and deliver to said Osborne, as such trustee, the aforesaid described property for said sum of money."

After the 30th of October, 1894, and before the 9th of November, 1894, said Ray did ship and deliver to

said Osborne, as said trustee, eleven library cases, which were received by said Osborne, and were immediately placed in the several schools of said township; and on or before the 13th of November, 1894, said Ray had shipped what purported to be the balance of said property which he had promised to deliver as aforesaid, and the same was then on the way, consigned to said Osborne.

On the 9th of November, 1894, said three orders were offered for sale to the appellant, at the city of Elkhart, Indiana, and the appellant then desired to purchase them, if they were all right and valid evidences of an indebtedness of said school township; but it did not want to purchase them, or any of them, at any price, if they were not valid and representative of any honest debt due from said school township; "and to ascertain whether said order, that is, warrant, was valid and all right, plaintiff caused its cashier, W. H. Knickerbocker, to write to said Osborne, and said Knickerbocker did, then and there, write said Osborne for said purpose, a letter as follows:

"First National Bank, Elkhart, Ind., Nov. 9, 1894.

"Ira Osborne, Goshen, Ind. Dear Sir: We have an opportunity to buy three township warrants that you gave to George M. Ray for the Reading Circles that you bought of him for the use of the schools in your township. Are these orders all right? Have you the goods and now using them? And will there be provision made for their payment when due? We want to take them, if they are all O. K. and will be no trouble about them. Please answer at your earliest convenience on the back of this letter. Stamp enclosed for reply. W. H. Knickerbocker, Cashier."

To this letter said Osborne answered as follows:

"Goshen, Ind., Nov. 12, 1894.

"Mr. Knickerbocker: The warrants are all O. K.

Part of goods on hand, and some are on the way. Ira Osborne."

On receipt of this answer, the appellant, relying on it as being true, agreed with said Ray, on the 16th of November, 1894, that the appellant would purchase said warrant above copied, and then and there did purchase it of said Ray, who then and there guaranteed the payment thereof in these words: "I guarantee the payment of the within warrant at maturity. [Signed] George M. Ray."

Said Ray was then insolvent, and a nonresident of this State, upon whom no service has been had herein. Thereupon, the appellant in good faith, paid said Ray for said order the sum of $675.00 Soon thereafter, said Osborne, as such trustee, received what purported to be the remaining portion of said goods, which upon examination were rejected as worthless and not according to said agreement of purchase; and said Osborne then removed from said schools the cases so received, which together with what purported to be the books purchased, he had stored away in a room in the city of Goshen.

At the maturity of said warrant, the appellant demanded payment of said Osborne, who then continued to be trustee as aforesaid, but payment of the warrant was refused by said trustee, on the ground that the goods so shipped and received were not according to contract; and said warrant had never been paid, and there was due thereon, if anything, the sum of $706.25.

The court further stated, as a fact, that said "order was invalid when issued, which was then known by this defendant." As conclusions of law upon the foregoing facts, the court stated "that the law is with the defendant, and that plaintiff take nothing."

The contention on behalf of the appellant is to the effect that upon the facts thus stated, the trustee

should be held liable personally to the appellant for deceit. It does not appear that the trustee received any portion of the amount paid by the appellant for the warrant, or that he in any way profited individually by the transaction or any of its circumstances; and if he may be held liable it must be upon the ground of fraudulently inducing the appellant to pay its money to Ray to its damage. It is not suggested by either party that the township was liable upon the warrant, but the appellant proceeds upon the theory that the trustee fraudulently induced the appellant to buy a warrant upon which the township was not liable.

The trustee of a school township is a public officer. His authority is official and statutory, and all who deal with him as a school trustee are charged with notice of the extent and limits of his official authority. His authority to execute promissory notes or warrants evidencing debts of the school township is limited to debts for legitimate school purposes. Such a note or warrant, being payable out of a particular fund, is not commercial paper, and its assignment could not cut off any defense of the township. In an action against a school township upon such a note or warrant for school supplies, it is necessary for the plaintiff to show that the trustee was acting within his official authority, and for such purpose it must be made to appear that the supplies in question were necessary and suitable supplies for the use of the public schools under his jurisdiction, and the delivery to the school township and its acceptance of such supplies must be shown. See *Sheffield School Tp.* v. *Andress*, 56 Ind. 157; *Reeve School Tp.* v. *Dodson*, 98 Ind. 497; *Bloomington School Tp.* v. *Nat'l School Furnishing Co.*, 107 Ind. 43; *Honey Creek School Tp.* v. *Barnes*, 119 Ind. 213; *Julian* v. *State*, 122 Ind. 68, 73;

*Union School Tp.* v. *First Nat'l Bank*, 102 Ind. 464; *Axt* v. *Jackson School Tp.*, 90 Ind. 101; *State, ex rel.*, v. *Hawes*, 112 Ind. 323.

It is provided in section 5920, Burns' R. S. 1894 (4444, Horner's R. S. 1896), as follows: "The trustees shall take charge of the educational affairs of their respective townships, towns, and cities. They shall employ teachers; establish and locate, conveniently, a sufficient number of schools for the education of the white children therein; and build, or otherwise provide, suitable houses, furniture, apparatus and other articles and educational appliances necessary for the thorough organization and efficient management of said schools."

If the trustee had authority to purchase the property mentioned in the warrant, it must be found within the meaning of this statute. In *Honey Creek School Tp.* v. *Barnes, supra*, it was held that a school trustee had not authority to bind his school township by the purchase of general text books to be used by the pupils in the public schools of the township. This court recently, in *First National Bank* v. *Adams School Tp.*, 17 Ind. App. 375, held that a school trustee has not authority to bind his school township by a contract for the purchase of reading circle books, for the use of the public schools of the township, and that such a contract is void.

The trustee was not personally liable on the warrant; for it was not his individual contract, but was executed by the school township through the trustee acting officially. See *Pine Civil Tp.* v. *Huber Manufacturing Co.*, 83 Ind. 121.

We are unable to see in the facts before us sufficient grounds for holding him liable in an action for deceit. The appellant purchased the warrant as evidence of indebtedness of the school township, and not

of Osborne. The warrant upon its face expressly and plainly indicated to the appellant, and all others, that it was void, and that the school township could not be held liable for the price or value of the property for which the warrant was given.

The representation of Osborne in his answer to the cashier's letter of inquiry, that the warrants were "all O. K." related to them, not as his individual contracts, but as evidences of indebtedness of the school township; but his statement that, as such evidences, they were "all O. K." or all correct, or all right, was a representation upon which the appellant had no right to rely, it being bound to take notice of the contents of the warrants.

It was stated in the special finding that the "order was invalid when issued, which was then known by this defendant." The court did not state upon what fact or facts it based the statement that the order was invalid, but the facts stated in the finding showed the invalidity of the orders; and the trustee's knowledge of their invalidity with his representation that they were "all O. K.," would not render him liable for deceit to a purchaser who bought them with the knowledge of their invalidity shown upon their face.

As to the answer of the trustee that part of the goods were on hand and some of them were on the way, it does not appear that it was false, but on the contrary it appears to have been true. If the warrant upon its face had shown that it was given for property in the purchase of which the trustee could make his school township liable, the inquiry would arise whether the appellant would not be bound, by Osborne's answer to the cashier, to take notice that the warrants were given for property which was not delivered and accepted. But as the warrant carried with it, as a part of its terms, notice to all persons that

it was void, and that no liability could attach to the school township upon it, or for the goods for which it was given, its invalidity, known by the trustee when he issued it, and his separate false representation that it was "all O. K.," could not render him personally liable for deceit to one who purchased it with knowledge that it was void.

The judgment is affirmed.