NOVEMBER TERM, 1897—VOL. 19.     433

The Fowler National Bank of Lafayette, Indiana, *v.* Brown, Admx.

THE FOWLER NATIONAL BANK OF LAFAYETTE, INDIANA,
*v.* BROWN, ADMINISTRATRIX.

[No. 2,404.   Filed March 8, 1898.]

GUARANTY.—*Indorsement of Township Warrant by Trustee.*—An indorsement of a township warrant by the trustee of the township issuing same in the following words: "The within warrant is O. K. and will be paid promptly when due," does not amount to a guaranty so as to render the indorser liable for the payment of such warrant to the indorsee thereof.

From the Tippecanoe Circuit Court.   *Affirmed.*

*C. B. Stuart, W. V. Stuart* and *E. P. Hammond,* for appellant.

*Haywood & Burnett,* for appellee.

HENLEY, J.—Appellant began this action by filing a claim against the appellee, as administratrix of the estate of Jefferson M. Brown, deceased. This claim appellee refused to allow, and it was transferred to the issue docket. Afterward appellant filed an amended complaint in two paragraphs. Appellee demurred to' each paragraph of complaint, the demurrer was sustained and appellant refusing to plead further, judgment was rendered in favor of appellee for costs. The errors assigned in this court are the rulings of the lower court in sustaining the demurrer to each paragraph of complaint. Counsel for appellant concede that the lower court properly sustained the demurrer to the second paragraph of the complaint. The first paragraph of complaint states the facts upon which appellant relies, in substance, as follows: That on the 2nd day of April, 1892, Randolph school township of Tippecanoe county, Indiana, by decedent, Jefferson M. Brown, who was then trustee of said township, executed and delivered to Augustus L. Eiler and Ben-

VOL. 19—28

jamin W. Eiler, who were partners doing business under the firm name of the Eilar School-Supply House, its promissory note, a copy of this note being filed with the complaint and made a part of the same. That by said note said township agreed and promised, on or before the 20th day of January, 1893, to pay said Eilar School-Supply House the sum of $105.00 with eight per cent. interest per annum from maturity and attorneys' fees. That on said 2nd day of April, 1892, the said payee of said note, the Eilar School-Supply House, assigned said note to this appellant by writing the following indorsement on the back of said note, viz: "The Eilar School-Supply House, per A. L. Eilar." That at the time of the indorsing of said note to appellant by the payees thereof, the said Jefferson M. Brown, appellee's decedent, in consideration of said appellant's purchasing said note, and as an inducement for said purchase, guaranteed to appellant the payment of said note by writing thereon his guaranty, as follows, viz: "The within warrant is O. K., and will be paid promptly when due." That appellant purchased said note upon the faith of said written representation. That the said Randolph school township failed to pay said warrant when the same became due, and that appellant at once notified said decedent of such failure. That said note is due and unpaid, and judgment is demanded against appellee, representing the estate of said Jefferson M. Brown.

There is but one question in this case, then, left to be considered by this court: Are the facts stated sufficient upon which to base an action against appellee? And in determining the question we are reduced to the single inquiry, do the words: "The within warrant is O. K., and will be paid promptly when due. J. M. Brown," which were written upon

the warrant or note of the Randolph school township by appellee's decedent, constitute a guaranty. It will be remembered that the said Brown was, at the time the note was executed, the trustee of Randolph township. He was not a party to the contract upon which it is sought to hold him, and he can only be held in case the words written thereon by him are held to constitute a guaranty. We do not believe the words written by Brown upon the note of the township are susceptible of more than one meaning. When he wrote "The within warrant is O.K.," he meant, and could mean, nothing more than that the within warrant is all correct, or all right, that referred to the truth of the matters therein stated and that the instrument was duly executed. When he followed this up by saying "and will be paid promptly when due" it was simply the opinion of Brown that the maker of the paper would be prompt to meet the obligation when it matured. As trustee of the township, Brown was in a position to know all about the claim. He knew whether the goods for which the note was given were necessary purchases, and whether or not they had been received; he knew of the truth or falsity of every statement made in the note; he affirmed their truth when he indorsed it "O. K." But suppose Brown had been the purchasing agent of some firm or corporation, and it was his duty to examine all bills of supplies purchased, and to O. K. them before they would be paid by the treasurer of the company for which he had purchased the goods; a bill is presented to Brown and is indorsed, "the within bill is O.K.;" the payee of the bill assigns it to a third party who brings suit against Brown as guarantor; will any one contend that Brown, as the agent of the corporation or company, could be held because he had certified that the statements made in the bill were

correct and if he had added that in his opinion the bill would be paid promptly at maturity, could that create any liability upon his part?   We think not; and this court is of the opinion that appellee's decedent was not in any way bound upon the contract out of which this action grows by the indorsement heretofore set out, there being absolutely no promise or agreement, either express or implied, upon the part of said decedent to pay said note at any time, or upon the happening of any event.

The action of the lower court was correct, because the words used did not constitute a guaranty.   It is very doubtful also, whether or not the complaint would withstand a demurrer under the authority of the case of *First National Bank* v. *Osborne*, 18 Ind. App. 442.   We find no error in the record.   Judgment affirmed.