## Oppenheimer *v.* Greencastle School Township et al.

[No. 20,420. Filed January 10, 1905.

1. PLEADING.—*Complaint.*—*Township Warrant.*—*Personal Liability of Officer.*—Where, in an action by the assignee of a township warrant against the township and also the officers signing such warrant, the complaint charged that such township purchased the goods represented by such warrant, and failed to show that such officers personally promised to pay such warrant, such complaint was insufficient as to such officers, and their demurrer was properly sustained. p. 102.

2. SAME.— *Complaint.*— *Township Warrant.*— *Necessity.*— *Township Reform Law.*—Where the complaint against a township merely sets out the township warrant sued on, but does not allege that the goods represented thereby were necessary or proper for such township, nor that such debt was contracted in accordance with the township reform law (§8085a *et seq.* Burns 1901) such complaint is bad, even though it alleges that plaintiff bought such warrant for value, before maturity and without notice, since the warrant itself was sufficient notice that it was issued by such township, and that no equities could be cut off by purchase by a third party. p. 102.

3. SAME.—*Answer.*—*Facts Provable Under Another Paragraph.*— Where the facts alleged in a paragraph of answer are provable under another, sustaining a demurrer to such former paragraph is harmless. p. 104.

From Putnam Circuit Court; *Presley O. Colliver,* Judge.

Action by Anna Oppenheimer against Greencastle School

Township and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Jackson Boyd* and *William E. Mowbray,* for appellant. *Granville C. Moore* and *Thomas T. Moore,* for appellees.

HADLEY, C. J.—On March 16, 1901, appellant's assignor Manson U. Johnson sold to John A. Keller, trustee of appellee township, for the use of his township in schools numbered one and nine, one single and one double Ideal heater and ventilator. In Johnson's proposal for the sale appears the following provision: "Guaranty: When the party of the second part has complied with the terms and conditions of the contract first party guarantees that this furnace has the capacity to, and will, with ordinary good care and proper attention to fires, heat this building to a temperature of seventy degrees Fahrenheit in the coldest winter weather. Also that the material furnished and the labor performed are the best of their respective kinds and fully up to the highest standard of first-class work. Party of the first part to complete the above contract in the best, most substantial and thorough workmanlike manner, for the sum of $375, interest at six per cent. from date. Terms: When above guaranty is fulfilled the owner may be paid after zero weather, at option of trustee. Done at Greencastle, this 16th day of March, 1901. Manson U. Johnson." The acceptance was in these words: "The undersigned party of the second part accepts the foregoing proposition of Manson U. Johnson, Anderson, Indiana, for the Ideal heater and ventilator above specified, and agrees to pay for the same the sum of $375 upon the terms and conditions above expressed. In witness whereof, we have hereunto set our hands at Greencastle, Indiana, this 16th day of March, 1901. [Seal.] John A. Keller, trustee, John L. Hillis, R. S. Graham, secretary."

On the same day there was executed to Johnson for the

heaters what is termed a township order, as follows: "No.——.   $375.   State of Indiana, Putnam county. Greencastle township, in county and State aforesaid, will pay to the order of Manson U. Johnson, $375 out of special school fund for one single Ideal heater and one double Ideal heater and ventilator, payable at the First National Bank of Greencastle, Indiana, on or before the 25th day of January, 1902.  Value received, waiving valuation and appraisement laws, with interest thereon at the rate of six per cent. per annum, payble semiannually from the 16th day of March, 1901, until paid, and attorney's fees.  Date, Greencastle, March 16, 1901. John A. Keller, trustee Greencastle township, Putnam county.  John L. Hillis. R. S. Graham." Indorsed:  "Pay to the order of Anna Oppenheimer.  Manson U. Johnson."

The evidence shows that Hillis and Graham at the time of the transaction were members of the township advisory board.  Default in payment of the order having been made, appellant, Manson U. Johnson's assignee by indorsement, instituted this suit.  She made Greencastle school township, John A. Keller, trustee, John L. Hillis and R. S. Graham, of the advisory board, parties defendant.

The complaint is in six paragraphs.  The first declares upon the order; alleges that it was executed by Greencastle school township to Manson U. Johnson, and signed by John A. Keller, the duly elected, qualified and acting trustee of said township, John L. Hillis and R. S. Graham, members of the advisory board of said township; and that the same was sold and assigned by Johnson to appellant for value, before maturity, and without notice of any defense thereto. The second, third, fourth, fifth and sixth paragraphs set up the same facts in different forms, the substance being the needs of the township for heating apparatus, the suitableness and efficiency of the Ideal heaters, their purchase, acceptance and continued use by Greencastle school township, the execution by said township of the township order there-

for, and its assignment to appellant. Some of them counted upon the *quantum meruit* for the sale of necessaries to the township, and some upon the township order. The separate demurrers of Keller, Hillis and Graham to each paragraph of the complaint were sustained. The separate demurrer of Greencastle school township to the first and fifth paragraphs was also sustained.

1. With respect to the separate demurrers of Keller, Hillis and Graham, it is alleged in each paragraph of the complaint that Greencastle school township purchased the goods, and executed to Johnson the order in suit. It is not charged in either paragraph that Keller, Hillis or Graham promised to pay the debt, or in any way obligated himself to pay it. It is clearly shown in each that these parties in the transaction were acting as public officers, and solely for the township, and they can not, under the facts alleged, be held personally liable. *Pine Civil Tp.* v. *Huber Mfg. Co.* (1882), 83 Ind. 121; *State, ex rel.,* v. *Helms,* (1893), 136 Ind. 122; *First Nat. Bank* v. *Osborne* (1897), 18 Ind. App. 442. Their separate demurrers were therefore properly sustained.

2. The demurrer of Greencastle school township to the first paragraph of the complaint was also correctly sustained. As we have seen, this paragraph rests solely upon the township order. As exhibited with the complaint, the order declares upon its face that it was given for one single and one double Ideal heater and ventilator and is payable out of the special school fund of the township. This was sufficient to charge the plaintiff, when purchasing the order, with notice that it had been executed by the trustee on behalf of his township, on account of the public schools, and that the same was open to defenses in the hands of an assignee. As regards possible defenses, she was also bound to take notice that the trustee of a school township is a public officer; that he is created, and the extent of his power and authority defined by legislative enactment; that he has only

such powers as are expressly conferred, or necessarily implied, and that the powers possessed can be exercised only as pointed out by the statute. Being thus invested and limited in authority by statute, appellant was bound to know that the trustee could only bind his township when he acted within the conditions and in the manner prescribed by the statute. *State, ex rel.,* v. *Board, etc.* (1897), 147 Ind. 235.

While it is the duty of township trustees, under §5920 Burns 1901, Acts 1901, p. 514, to take charge of the educational affairs of their respective townships, and to provide suitable houses and equipment for schools, the duty must be discharged with discretion and economy. It has been many times decided in this State that they have no power to charge their townships with anything but needful and appropriate articles. *State, ex rel.,* v. *Hawes* (1887), 112 Ind. 323, and cases cited; *First Nat. Bank* v. *Osborne, supra.* Therefore, in a suit against a township on a contract made with its trustee it must affirmatively appear from the complaint that the contract was one the trustee had authority to make. *Reeves School Tp.* v. *Dodson* (1884), 98 Ind. 497; *Bloomington School Tp.* v. *National, etc., Co.* (1886), 107 Ind. 43; *Honey Creek School Tp.* v. *Barnes* (1889), 119 Ind. 213, 216.

In the first place, it is not shown in the first paragraph of the complaint that there existed at the time any necessity for procuring the Ideal, or any other kind of heaters for the use of the schools, and without such necessity the trustee had no power to bind the township by their purchase. In the second place, it is not shown that the debt was contracted in accordance with the requirements of the act of 1899 (Acts 1899, p. 150, and amendment, Acts 1901, p. 415, §8085a *et seq.* Burns 1901) "concerning township business." If not in compliance with said act, as must be presumed against the pleader, the contract was absolutely void. §8085k Burns 1901, Acts 1899, p. 150, §11.

3.    Whether good or bad, the sustaining of the demurrer to the fifth paragraph of the complaint did the plaintiff no harm.    The facts pleaded in the fifth and sixth paragraphs were in all material respects the same, and no evidence would have been admissible under the fifth that was not admissible under the sixth.    If, therefore, erroneous, it was not reversible error.

The second, third, fourth and sixth paragraphs of complaint were held good and were answered by a general denial and two affirmative paragraphs setting up a breach of the warranty contained in the contract under which the heaters were purchased.    Appellant's demurrers to these two latter answers were overruled.    There was a special finding of facts and conclusions of law thereon in favor of appellee.    Appellant's motion for a new trial for insufficiency of the evidence to sustain the finding was overruled.

There was no exception taken to the conclusions of law. There was a sharp conflict in the evidence which we can not weigh.    We have given due consideration to the record, and find that the evidence supports the findings, the findings abundantly sustain the answers, and the answers were clearly good.

There was no error.    Judgment affirmed.