(C. D. 1296)

F. W. MYERS & CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 29, 1951)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Jerome Vale,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: In this action plaintiff seeks to recover customs duties assessed upon an auto trailer brought into the United States by a resident of Canada. The collector assessed duty thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as manufactures of metal, not specially provided for. It is contended on behalf of the plaintiff that the trailer was brought into the United States for the personal use of a resident of Canada while studying in this country, was not imported for sale, and should have been permitted free entry under section 308 (5) or (9) of the said tariff act, as amended by the Customs Administrative Act of 1938 (52 Stat. 1079/80), or is free under paragraph 1798 of said act.

The pertinent provisions of the statute under which plaintiff's claims are made are as follows:

SEC. 308. TEMPORARY FREE IMPORTATION UNDER BOND FOR EXPORTATION.

The following articles, when not imported for sale or for sale on approval, may be admitted into the United States under such rules and regulations as the Secretary of the Treasury may prescribe, without the payment of duty, under bond for their exportation within six months from the date of importation, which period may, in the discretion of the Secretary of the Treasury (whether such articles are imported before or after this section becomes effective), be extended, upon application, for a further period not to exceed six months:

\*        \*        \*        \*        \*        \*        \*

(5) Automobiles, motorcycles, bicycles, airplanes, airships, balloons, boats, racing shells, and similar vehicles and craft, and horses, and the usual equipment of the foregoing; all the foregoing which are brought temporarily into the United States by nonresidents (A) for the purpose of taking part in races or other specific contests, or (B) for the transportation of such nonresidents, their families and guests, and such incidental carriage of articles as may be necessary and appropriate to the purposes of the journey, but not to be used for the transportation of persons or articles for hire nor in any case primarily for the carriage of articles (but nothing in this Act shall be construed as altering the customary exceptions of vehicles and other instruments of international traffic from the application of the customs laws); and in the case of horses, vehicles, and craft entered under this subdivision collectors of customs may, under such regulations as the Secretary of the Treasury may prescribe, defer the exaction of a bond for not to exceed ninety days (or six months in the case of such horses, vehicles, and craft from a country which accords a similar privilege to horses, vehicles, and craft from the United States) after the date of importation, but unless such horse, vehicle, or craft is exported or the bond is given within the period of such deferment, such horse, vehicle, or craft shall be subject to forfeiture;

\* \* \* \* \* \* \*

(9) Professional equipment, tools of trade, and camping equipment imported for their own use by nonresidents sojourning temporarily in the United States, and articles of special design for temporary use exclusively in connection with the manufacture or production of articles for export.

PAR. 1798. Wearing apparel, articles of personal adornment, toilet articles and similar personal effects of persons arriving in the United States; but this exemption shall include only such articles as were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons or for sale: *Provided,* That all jewelry and similar articles of personal adornment having a value of $300 or more, brought in by a nonresident of the United States, shall, if sold within three years after the date of the arrival of such person in the United States, be liable to duty at the rate or rates in force at the time of such sale, to be paid by such person: \* \* \*

The evidence discloses that the importer came to the United States to study for 2 years at Davenport, Iowa. Together with his wife and two children, he traveled in an automobile to which the trailer in question was attached. In the trailer were packed articles needed by the importer and his family for their 2 years' stay, such as clothing, books, dishes, a washing machine, a small gasoline stove, a tap with a small sink, and other articles. It was not the intention of the importer to live in the trailer, but due to economic reasons, the family did make it their home while in this country. The importer lived in the United States for about a year and a half. Upon entry, he paid duty on the trailer but not on the automobile which was entered free under a 6 months' bond under the provisions of section 308, *supra.* No duty was assessed on the contents of the trailer.

It is plaintiff's contention that the trailer should have been accorded the same treatment as the automobile; that the importer offered to comply with the provisions of said section 308 but his offer was refused by the collector. In the alternative, plaintiff claims that the trailer is properly free of duty as "camping equipment" under subsection (9) of section 308, *supra*. An examination of the entry discloses that this trailer was valued at $1,800 and that the importer herein was allowed free entry on "Wearing apparel & personal effects" to the extent of $300 under paragraph 1798, *supra*. Plaintiff cites in support of his contention that an automobile should be held to be a personal effect, a finding of the Treasury Department (T. D. 45379 (2)), in which it was held that an automobile may be included in the $100 exemption provided for at that time by said paragraph 1798. That proviso to the paragraph covered articles acquired abroad by residents of the United States for personal or household use or as souvenirs or curios. Section 308 (5), *supra*, as amended, is much more specific and excepts from its provisions vehicles and aircraft therein enumerated, together with other usual equipment "primarily for the carriage of articles," brought temporarily into the United States by nonresidents. Even were we to hold that this trailer is *ejusdem generis* with the automobiles and other articles enumerated in section 308 (5), *supra*, the record indicates that it was used "primarily for the carriage of articles," and that at the time of entry the importer had no intention of living in the same while in the United States.

The case of *Alice M. Tracy* v. *United States*, 38 Treas. Dec. 859, Abstract 43567, cited by plaintiff, is likewise not in point. There, the court held that a horse and pung, brought into the United States by a nonresident for touring purposes, came within the provisions of subsection 4, paragraph J, section IV of the Tariff Act of 1913. Said subsection allowed free entry under bond to automobiles, teams, and saddle horses, and similar vehicles, brought temporarily into the United States by a nonresident for touring purposes. The articles there involved were used for touring purposes. The trailer here involved was not used for any of the purposes enumerated in said section 308 (5), *supra*. Therefore, we find no error in the collector's refusal to admit same free of duty under that subdivision of said section.

As to the claim that the trailer should have been allowed conditionally free entry under subsection (9) of said section 308, as "camping equipment imported for their own use by nonresidents sojourning temporarily in the United States," we note the following definitions as found in Funk & Wagnalls New Standard Dictionary, 1942 edition:

trailer, * * * (10) * * * (b) A caravan-like vehicle used as a dwelling-place and drawn on the highway, as by a motor-car or truck.

camp, * * * 2. v. To live in a tent or a camp; also, to lodge; live temporarily: * * *.

**camp,** *n.* **1.** A group of tents, huts, barracks, or other shelters for the use of soldiers, travelers, hunters, etc.: usually for temporary quarters; also, a single tent or structure  *  *  *.

**temporarily,**  *  *  *  In a temporary manner; for a time only; not permanently.

The importer testified that he was a nonresident and that he spent about 2 years in this country together with his wife and family during which time he was studying at Davenport, Iowa. The evidence shows that the collector permitted conditionally free entry of the automobile to which the trailer was attached, that a renewal of the 6 months' bond was granted and that subsequently the automobile was returned to Canada and reentered under a new bond. The collector, therefore, must have been satisfied of the temporary character of the importer's stay in this country. Under the dictionary definition of the noun "camp," given above, "a single  *  *  * structure" "usually for temporary quarters," and of the verb "camp," "to  *  *  * live temporarily," we are persuaded that the importer was camping while in this country.

In the case of *Cruger's (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 516, T. D. 40730, the court had occasion to consider the meaning of the term "equipment" and used the following language:

> The word "equipment" means things or supplies needed for a special purpose or service. (See "Equipment" and "Needed"—Standard Dictionary.) The term "equipment" includes the necessary adjuncts of a service and imports the outfit needed or required to accomplish a special object or purpose.—Rubey *v.* Coal & Mining Co. (21 Mo. Appls. 159, 169); People *v.* St. Louis, Alton & Terre Haute Railroad Co. (176 Ill. 512, 522); National Bank *v.* G. C. & S. F. Ry. Co. (95 Tex. 176, 183); Oppenheimer *v.* Greencastle School Tp. (164 Ind. 99, 103); United States Rubber Co. *v.* American Bond Co. (86 Wash. 180, 182).

That a tent is camping equipment certainly cannot be disputed. In the instant case, instead of a tent, a trailer was used for temporary living quarters during the stay of the plaintiff and his family in this country. We find under these circumstances that the trailer here involved was camping equipment imported for the use of the plaintiff and his family, nonresidents sojourning temporarily in the United States, and as such is entitled to entry free of duty under the provisions of subsection (9) of section 308, *supra*. We further find that the plaintiff was compelled to pay the duties and therefore no bond was necessary as required by the regulations. *United States* v. *Hannevig*, 10 Ct. Cust. Appls. 124, T. D. 38384.

Judgment will be rendered accordingly for the plaintiff.