BEFORE THE SECOND DIVISION, APRIL 4, 1960

**No. 64052.**—H. D. Gihon, Inc., v. United States, protests 58/7287 and 327327–K
(New York).

LAWRENCE, Judge: Certain golf caddy carts imported from England were
classified by the collector of customs as articles or wares not specially provided
for, composed wholly or in chief value of metal, in paragraph 397 of the Tariff
Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement
on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, or by the Sixth Protocol
of Supplementary Concessions to the General Agreement on Tariffs and Trade,
91 Treas. Dec. 150, T.D. 54108, and duty was imposed thereon at the rate of 22½
per centum or 21 per centum ad valorem, respectively.

The contention of plaintiff herein is that said articles should properly have
been classified as equipment ordinarily used in conjunction with golf balls in
paragraph 1502 of said act (19 U.S.C. § 1001, par. 1502), as modified by the Gen-
eral Agreement on Tariffs and Trade, supra, for which duty at the rate of 15
per centum ad valorem is provided.

The case was submitted upon a written stipulation of the parties hereto, the pertinent text of which reads as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the "Warrick" Monarch Golf Caddy Carts on the invoices accompanying the entries covered by the above-named protests, which were assessed with duty at 21% or 22½% ad valorem under Paragraph 397, Tariff Act of 1930 as modified, T.D. 54108 or T.D. 51802, consist of light two-wheel hand-pulled carts designed for use, and used only by golfers as equipment for carrying and transporting golf bags containing golf clubs and other golf paraphernalia, such as extra balls, tees, etc., while playing games of golf, and that the game of golf requires a person or vehicle to carry and transport said golf bags, etc. around a golf course.

In a brief filed by plaintiff, reference is made to *Cruger's (Inc.) v. United States,* 12 Ct. Cust. Appls. 516, T.D. 40730, in which our appellate court stated as follows:

The word "equipment" means things or supplies needed for a special purpose or service. (See "Equipment" and "Needed"–Standard Dictionary.) The term "equipment" includes the necessary adjuncts of a service and imports the outfit needed or required to accomplish a special object or purpose.—Rubey *v.* Coal & Mining Co. (21 Mo. Appls. 159, 169); People *v.* St. Louis, Alton & Terre Haute Railroad Co. (176 Ill. 512, 522); National Bank *v.* G. C. & S. F. Ry. Co. (95 Tex. 176, 183); Oppenheimer *v.* Greencastle School Tp. (164 Ind. 99, 103); United States Rubber Co. *v.* American Bond Co. (86 Wash. 180, 182). Articles which are not necessary or requisite for a special purpose or service and the use of which is dictated by fad, fancy, or fashion, can not therefore properly be called equipment.

We are consequently of the opinion that the term "equipment" as used in paragraph 1402 means inanimate objects ordinarily used and needed or required for the safe, proper, and efficient taking of physical exercise with balls, and inanimate objects ordinarily used and needed or required for the safe, proper, and efficient playing of any indoor or outdoor ball game or sport.

No brief was submitted on behalf of defendant. We regard this action on the part of the defendant as a tacit admission that the claim of plaintiff is meritorious, with which view the court upon the record before it is in accord.

Accordingly, we hold that the golf caddy carts in issue should properly have been classified as equipment ordinarily used in conjunction with golf balls in paragraph 1502 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra,* and subjected to duty at the rate of 15 per centum ad valorem. The claim in the protests is, therefore, sustained.

Judgment will issue accordingly.