## Case No. 16,573.

### UNITED STATES v. TWENTY–THREE COILS OF CORDAGE.

[Gilp. 299.] [1]

District Court, E. D. Pennsylvania. April 6, 1832.[2]

CUSTOMS DUTIES — FORFEITURES — OMISSION FROM MANIFEST — SEA STORES—ARTICLES OF EQUIPMENT.

1. Where articles are purchased abroad for a vessel, to be used as part of her equipment, they are not sea stores within the meaning of the act of March 2, 1799 [1 Stat. 627].

2. Where articles purchased abroad for the equipment of a vessel, are not used and remain on board at her arrival in the United States, they need not be reported by the master in his manifest.

On the 3d December, 1831, an information was filed by the attorney of the United States, against twenty-three coils of cordage, three bolts of ravensduck, and four pieces of sail cloth, found on board of the ship Eliza. It appeared that they were the residue of a purchase made at Cronstadt, as was alleged, for the use of the vessel during the homeward voyage. The vessel was regularly entered at the custom house on the 7th November, 1831, the manifest of her cargo was delivered to the collector but contained no account of these articles, nor were they included in the report of sea stores, not intended for merchandise or sale. On the 28th November, the cargo was entirely discharged. On the following day the articles in question were found remaining on board. They were seized by the officers of the customs, and were alleged to be forfeited on the ground that they were sea stores, and not so specified or designated in the report or manifest of the master of the vessel. On the 2d April, 1832, Thomas and William Haven filed a claim to the articles seized, and denied that the same were liable to seizure or forfeiture.

Mr. Gilpin, U. S. Dist. Atty.

The act of congress of March 2, 1799, is intended to provide for the collection of duties on all articles, coming from a foreign country. Its provisions are most minute and comprehensive; they direct the mode of collecting all duties due, and of ascertaining exactly when foreign goods are exempted from them. They divide all foreign articles imported into three classes; first, merchandise; second, baggage; third, stores. Under one or other of these, all articles are embraced. For each class there is a particular form of report to be made by the master at the custom house on his arrival. Not only is such report requisite under the law, but its necessity as a revenue provision is apparent. 1 Story's Laws, 606, 612 [1 Stat. 655, 661]. These articles are neither merchandise nor baggage. They are sea stores. They were so spoken of by the master. They were purchased for the use of the vessel; a portion of the quantity so purchased was used and has become part of her tackle, apparel, and furniture; these are not yet so used; they clearly remain as necessary stores of the vessel. They are articles so designated in naval language; they are classed for instance, as marine stores with anchors and cables in the British navigation laws. They are comprehended, in commercial instruments, among the stores necessary for a vessel to perform her functions. If they are not sea stores then is there no provision whatever in regard to them; no means designated to ascertain whether or not they are superfluous, whether or not they are exempt from duty; but an extraordinary omission, to which there is no other similar, has existed in the whole revenue system. Abb. Shipp. 416; 2 Holt, Shipp. 248; Marsh. Ins. 181, 225. Did the master comply with the law relative to these superfluous stores? It declares that, "in order to ascertain what articles ought to be exempt from duty as sea stores, he shall particularly specify them in his report." This has not been done. It further declares that "if any greater quantity of articles are found on board than are specified in the entry, they shall be forfeited and may be seized." Here the fact that these articles were not entered or reported is admitted. It is also admitted that they were found on board, some time after the cargo was entirely discharged. They are therefore liable to seizure and must be forfeited. 1 Story's Laws, 612 [1 Stat. 661].

J. S. Smith and Mr. Chauncey, for claimants.

The great object of the revenue laws is to secure the payment of duties on merchan-

---

[1] [Reported by Henry D. Gilpin, Esq.]
[2] [Affirmed in Case No. 16,566.]

dise, and to prevent frauds. This is not merchandise; it was not bought as such, it is not to be sold as such. There is not the slightest imputation or allegation of fraud. This seizure has been made by the officers of the customs on a ground purely technical, and it cannot be sustained. These articles are not sea stores according to the meaning of the law. This has been already decided; a cable landed from a vessel without a permit, was seized on the same ground, and judgment was given by this court for the claimant; there is no distinction between a cable and the cordage and sail cloth now in question. Nor are they sea stores on a fair construction of the act of congress; that evidently refers to the provisions and supplies for the crew and passengers; it is a phrase frequently found in other acts of congress, which show that such is its signification. This is the proper test, not the mercantile use of the terms in commercial instruments, even if that ever applied it to such articles as those now in question, which does not appear to be the case. The occasional use of the phrase in a foreign statute is no proof of general maritime usage. 1 Story's Laws, 103, 106, 593, 599 [1 Stat. 132, 135, 644, 649]. In fact these articles are part of the tackle apparel and furniture of the vessel. They are like her anchors, yard arms, and spars. Are all the spare anchors or spars sea stores? The law under which this forfeiture is claimed refers to revenue cases, and is meant to protect the revenue. This case is not one of that class; these were not dutiable goods, but articles bought bona fide for the use of the ship, and intended to constitute part of her rigging and equipment.

Mr. Gilpin, U. S. Dist. Atty., in reply.

The act of March 2, 1799, was not a mere revenue law; at least not a mere law to collect revenue, it was meant quite as much to prevent evasions. Is baggage subject to duty, or are cabin stores? They are not, yet they are expressly referred to and must be entered. The slightest excess must be specified. It is therefore evident that congress meant that their officers should examine all articles; that they should ascertain what was exempt. The claimant's construction gives this privilege, not to the officer of the government, but to the owner or master of the vessel; thus substituting an interested party for a disinterested public officer. It establishes a provision different from all the rest of the revenue system. Who is to judge of the quantity of these articles that is necessary? If bought bona fide for the use of the vessel they are not merchandise; and if not sea stores they are then free from all inspection. They may be introduced in any quantity; they may be used for rigging the vessel entirely anew; and the owner of the vessel may be placed in a position of unfair advantage over every person in the United States, obliged to purchase or use a similar article.

HOPKINSON, District Judge. The information in this case charges that the articles above mentioned, on the 29th November, 1831, were found on board the ship Eliza, whereof William Haven, Jr., was master, as sea stores, which had not been and were not included in the report and manifest delivered on oath to the collector of the port of Philadelphia by William Haven, Jr., the master, on the 7th November, 1831. The twenty-third section of the act of March 2, 1799, directs that no goods shall be brought into the United States, from any foreign port, in any ship or vessel belonging to a citizen or inhabitant of the United States, unless the master shall have on board a manifest in writing, signed by him. The act goes on to prescribe with great particularity what the manifest must contain, concluding the enumeration with the words, "together with an account of the remaining sea stores, if any." By the twenty-fourth section of the same act, goods not included in the manifest are declared to be forfeited; but this section has no bearing on the case before the court, as the articles now in question are not informed against as goods not included in the manifest, but as sea stores not reported. This prosecution is founded on the forty-fifth section of the law, which enacts, "that in order to ascertain what articles ought to be exempt from duty, as the sea stores of a ship or vessel, the master shall particularly specify the said articles, in the report or manifest to be by him made, designating them as the sea stores of such ship or vessel;" and he is to declare on oath that they are "truly such and are not intended by way of merchandise or for sale." If the quantities are excessive, the collector is to estimate the amount of the duty on the excess, which shall be forthwith paid by the master. The act then proceeds, "and if any other or greater quantity of articles are found on board such ship or vessel, as sea stores, than are specified in such entry, or if any of the said articles shall be landed without a permit, all such articles as are not included, as aforesaid, in the report or manifest, shall be forfeited, and may be seized." It is under the enactments of this section that the present prosecution has been instituted. It relates to the sea stores of the ship, and provides for two cases: (1) When the stores are duly reported in the manifest, but it shall appear that the quantities are excessive; and in that case the duties are to be estimated on the excess, and paid by the master. (2) When articles are found on board the vessel, as sea stores, which are not included in the manifest, all such articles are forfeited; and it is on this ground that the United States claim the forfeiture of the articles in question. They were certainly found on board of the ship, after the report

and manifest were made to the custom house, and they are not included in that report. If, then, they are sea stores within the meaning and intention of the act of congress, the law has been violated and the articles are forfeited.

The same question arose in the case of an information against a cable, tried and decided a short time since, in this court. That trial was by a jury, the seizure having been made on land; this is by the court, the seizure having been made on board of the vessel. It was my opinion in the former case, and the verdict was in conformity with it, that articles purchased for the ship, to be used as part of her tackle and apparel, as part of her equipment. for her navigation, cannot be considered as her sea stores. sometimes designated as the "vessel and cabin stores;" but that these stores mean the provisions taken on board for the use of the passengers and crew, and not such articles as the anchors. cables. spars and cordage of the ship. I will not now repeat the reasons given for this opinion in the charge to the jury; I have carefully reviewed it, and find no cause to change it. I therefore think that the articles mentioned in the present information were not a part of the sea stores of the Eliza; that the master was not bound to report them in his manifest as such; and consequently, that the prosecution against them as such cannot be supported.

A question has been agitated in the argument of this case, on which I do not find it necessary to give any opinion; that is. whether a ship of the United States may take on board, at a foreign port. any quantity of articles. such as cordage, for the use of the ship, beyond what she can require for the immediate voyage she is about to proceed on. and may lay in a supply of such articles for as many subsequent voyages as the master or owners may think proper. The quantity cannot change their character, and turn them into sea stores; if unauthorised, they ought to be proceeded against as cargo or merchandise; but whether justly or not I do not intimate an opinion. In the present case I have no doubt that the articles in question were truly purchased for the use of the ship; the objection is to the quantity. As to the ravensduck and the sail cloth, the evidence is satisfactory, I believe uncontradicted. that the quantities were not more than such a vessel, by ordinary usage, would take for her voyage home. As to the twenty-three coils of cordage, there is more doubt about the necessary quantity in relation to that voyage; but they were truly intended for the ship when purchased, and actually used on board of her. part in coming home. and the rest in fitting her out for her next voyage, or during that voyage. I mention these things to remove any impression of a fraudulent or illegal design on the part of the master of this ship. in omitting to report these articles in his manifest; and not

because they are of any importance to the principle on which the case is decided.

Decree. That the information be dismissed and the goods restored to the claimants.

[On an appeal to the circuit court. the decree of this court was affirmed. Case No. 16,566.]